**Stephen Philip KELLER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–02–00036–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 30, 2003.

Mike DeGuerin, Foreman, DeGeurin, Foreman, DeGeurin, Nugent & Gerger, Houston, for appellant.

Donald W. Rogers Jr., Asst. Dist. Atty., for appellee.

Panel consists of Chief Justice RADACK and Justice KEYES and ELSA ALCALA.

## OPINION

ELSA ALCALA Justice.

Appellant, Stephen Keller, pleaded guilty, without an agreed punishment recommendation from the State, to the felony offense of criminal solicitation of a minor with intent to commit aggravated sexual assault, and true to a deadly weapon allegation within the indictment. After a presentence investigation (PSI) report was completed and a sentencing hearing with testimony was conducted, the trial court found appellant guilty, found the deadly weapon allegation to be true, and assessed punishment at four years' confinement in prison and a $10,000 fine. In his first issue, appellant contends that he must be granted a new trial because his plea agreement with the State was illegal. In his second issue, appellant contends that he was denied effective assistance of counsel. In his third and fourth issues, appellant contends that the deadly weapon finding and the finding of the victims' age in the judgment must both be deleted. We affirm.

## Background

Appellant placed an internet advertisement seeking young males to engage in sexual activity. A confidential informant, posing as a 14–year–old boy named "Jason," notified Sergeant Lee Vaughan of the Texas Department of Public Safety, Special Crimes Service, of the ad. Vaughan responded to the ad, stating that he was a 13–year–old boy named "Brandon." E-mail correspondence between Brandon, Jason, and appellant resulted in an agreement to perform various sexual acts with each other at Cullen Park, on May 20, 2001 at about 11:00 a.m. Appellant indicated he would be wearing a gray tee-shirt and black running shorts. Appellant arrived shortly before 11:00 a.m., wearing the clothes he described. Appellant gathered his bags, looked around, and walked to the meeting area. Appellant was arrested at the park after he remained at the meeting place for several minutes. Appellant carried with him one bag containing beer and ice, and another containing sexual paraphernalia. Appellant's truck displayed an altered license plate and a loaded, 12–gauge shotgun had been partially inserted in a storage pocket of the side passenger door. After arresting appellant, police obtained a warrant to search his residence and seized his computer. E-mails soliciting the sexual contact were recovered from the computer's stored data.

## Plea Agreement

■ In his first point of error, appellant contends that the prosecutor's "threshold requirement that the appellant plead guilty to the deadly weapon allegation in exchange for the State's agreement to waive its right to a jury trial" was an illegal agreement under the facts of this case. Appellant contends that the State refused to waive its right to a jury trial unless appellant agreed to plead guilty to the deadly weapon allegation, of which appellant claims he is not guilty. Appellant claims that, despite his guilty plea to the deadly weapon allegation, it was legally impossible for him to be convicted of using or exhibiting a deadly weapon during the course of the solicitation offense because the offense was already completed when the weapon was recovered from his vehicle after his arrest.

To preserve a complaint for appellate review, a defendant must object timely to the trial court. Tex.R.App. P. 33.1; *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex.Crim.App.1996). The record shows that appellant never asked to withdraw his plea of guilty to the deadly weapon allegation. Likewise, he raised no objection to

the trial court to the State's alleged requirement that he plead guilty to the deadly weapon finding as a condition of the State's waiver of its right to a jury trial. Therefore, no error was preserved for review.

We overrule appellant's first point of error.

### Affirmative Finding of Deadly Weapon

In his third point of error, appellant contends that the trial court's affirmative finding of a deadly weapon should be removed from the judgment because there was "no evidence that the appellant used or exhibited a deadly weapon during the commission of the offense." According to appellant, the offense of criminal solicitation was already complete when police officers found the firearm inside appellant's vehicle after his arrest at the park. Appellant claims that, despite his plea of guilty to using or exhibiting the deadly weapon, the trial court was "under an obligation" to refuse to make an affirmative finding of a deadly weapon.

Appellant's underlying contention is that the evidence is "legally and factually insufficient" to support the deadly weapon finding. Appellant cites no authority, however, to explain how this Court should apply a legal and factual sufficiency review to a

situation in which a defendant has pleaded guilty to the trial court. Before addressing appellant's sufficiency complaint, we must first determine the standard of review that applies.

Texas has a procedural requirement that differs from most jurisdictions. Pursuant to article 1.15 of the Code of Criminal Procedure, the State must offer sufficient proof to support any judgment based on a guilty or nolo contendere plea in a felony case tried to the court.[1] TEX.CRIM. PROC.CODE ANN. art. 1.15 (Vernon 2001); *Ex Parte Williams*, 703 S.W.2d 674, 678 (Tex.Crim.App.1986). The State must "introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same." TEX.CRIM. PROC.CODE ANN. art. 1.15.

Reviewing the sufficiency of the evidence to support a judgment under article 1.15 upon a plea of guilty or nolo contendere, however, requires that we apply a different standard of review than when we review legal sufficiency under *Jackson v. Virginia*[2] and factual sufficien-

---

1. Pleas of guilty to a jury are treated differently than pleas of guilty to a court under the Code of Criminal Procedure and need not be supported by evidence. TEX.CRIM. PROC.CODE ANN. art. 1.15. A defendant who pleads guilty to a felony offense before a jury admits all elements of the offense and waives his right to challenge the legal and factual sufficiency of the evidence. *Turnipseed v. State*, 609 S.W.2d 798, 800-01 (Tex.Crim.App. [Panel Op.] 1980); *Simpson v. State*, 67 S.W.3d 327, 329 (Tex.App.-Texarkana 2001, no pet.) (citing *Ex Parte Martin*, 747 S.W.2d 789, 792 (Tex.Crim. App.1988)); *Addicks v. State*, 15 S.W.3d 608, 612 (Tex.App.-Houston [14th Dist.] 2000, pet. ref'd).

2. A challenge to the legal sufficiency of the evidence to support a criminal conviction questions whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *King v. State*, 29 S.W.3d 556, 562 (Tex.Crim.App.2000).

cy under *Johnson v. State*[3] for convictions that follow a guilty plea. Legal-sufficiency-review analysis under *Jackson* applies only when the federal constitution places the burden on the prosecution to establish guilt beyond a reasonable doubt. *Ex Parte Williams*, 703 S.W.2d at 682 (citing *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)). The *Jackson* standard does not apply when a defendant knowingly, intelligently and voluntarily enters a plea of guilty or nolo contendere. *Ex Parte Williams*, 703 S.W.2d at 682. There is no federal constitutional requirement that a guilty plea in a state criminal prosecution must be corroborated by evidence of guilt, and *Jackson*[4] does not apply. *Ex Parte Williams*, 703 S.W.2d at 682. A plea of guilty waives all non-jurisdictional defenses, including challenges to the sufficiency of the evidence. *Id.* Similarly, a defendant who pleads guilty to the court by executing a valid judicial confession waives any challenge to the factual sufficiency of the evidence. *Ybarra v. State*, 960 S.W.2d 742, 745 (Tex.App.-Dallas 1997, no pet.).

We conclude that appellant has waived the right to challenge the legal and factual sufficiency of the evidence to sustain his conviction under *Jackson*, 443 U.S. at 318–19, 99 S.Ct. at 2788–89, and *Johnson*, 23 S.W.3d at 11. Our "sufficiency" review on appeal of felony pleas of guilty to the court is confined to determining whether sufficient evidence supports the judgment of guilt under article 1.15 of the Code of Criminal Procedure. *See* Tex.Crim. Proc. Code Ann. art. 1.15.

 Appellant pleaded guilty to the last paragraph of the indictment, thus confessing that he used or exhibited a deadly weapon, namely a firearm, in the commission of the offense of criminal solicitation of a minor. Appellant read and signed a "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession" that contained the following statement: "I understand the above allegations and I confess that they are true . . . ." The record establishes that appellant freely, intentionally, knowingly, and voluntarily confessed to using or exhibiting the deadly weapon during the commission of the offense. A presumption of truthfulness and regularity applies to documents filed in the trial court. *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex.Crim.App.1984). Appellant's judicial confession is sufficient evidence to show that he used a deadly weapon, and the record need not otherwise provide proof. *See Alexander*, 868 S.W.2d at 361 (citing *Ex Parte Franklin*, 757 S.W.2d 778, 784 (Tex.Crim.App.1988)); *see also Hunt v. State*, 967 S.W.2d 917, 919 (Tex.App.-Beaumont 1998, no pet.). We conclude that appellant's stipulation of guilt and judicial confession are sufficient evidence to support the judgment under Article 1.15 of the Code of Criminal Procedure.

Appellant also argues that the trial court was under an "obligation" to refuse to accept his plea of guilty (or true) to the deadly-weapon allegation because the evidence established that the offense was already completed when the weapon was discovered.

 A trial court sitting as the trier-of-fact has a duty to consider the evidence

---

3. When reviewing the factual sufficiency of evidence, we examine all the evidence neutrally and ask whether proof of guilt is so obviously weak as to undermine confidence in the fact finder's determination or so greatly outweighed by contrary proof as to indicate that a manifest injustice has occurred. *See Johnson v. State*, 23 S.W.3d 1, 11 (Tex.Crim. App.2000).

4. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

and may, despite a defendant's plea of guilty, find a defendant guilty as charged, guilty of a lesser-included offense, or not guilty. *Moon v. State*, 572 S.W.2d 681, 682 (Tex.Crim.App.1978); *Solis v. State*, 945 S.W.2d 300, 302–03 (Tex.App.-Houston [1st Dist.] 1997, pet. ref'd). Appellant argues that, because the trial court was presented with evidence that indicated appellant had not used a deadly weapon during the course of the offense of solicitation, the trial court had no option but to refuse to make an affirmative finding of a deadly weapon. Appellant's contention, however, ignores that his judicial confession was sufficient evidence upon which the trial court could base its affirmative finding of a deadly weapon. *See Alexander*, 868 S.W.2d at 361.

We overrule appellant's third point of error.

## Affirmative Finding of Age of Victim

■ In his fourth point of error, appellant contends that the judgment in the case must be modified to delete the trial court's affirmative finding that the victim was under 17 years of age because the finding has no relevance to the offense.

At the close of the sentencing hearing the following dialog occurred:

> THE COURT: In Cause No. 877848, you shall be confined not less than two years nor more than four years in accordance with the laws governing the Institutional Division of the Texas Department of Criminal Justice. You will receive credit for time served. There will be an affirmative finding that a deadly weapon, namely, a firearm, was used in the commission of the offense.

> THE STATE: Judge, I ask for one more affirmative finding pursuant to 62.12 and that's an affirmative finding

> that the intended complainant was younger than 17.

> THE COURT: There will be such a finding.

> DEFENSE: Your Honor, you asked if [appellant] wanted to address you and he does.

> THE COURT: All right.

(The sentencing hearing proceeded with appellant making a statement to the court.)

We conclude appellant has waived the right to complain about the affirmative finding in the judgment. To preserve a complaint for appellate review, a party must have presented a timely request, objection, or motion stating specific grounds for the ruling desired. TEX.R.APP. P. 33.1; *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex.Crim.App.1996). Under these circumstances, because the trial court made the affirmative finding in open court during sentencing, appellant had the opportunity to object to the court's affirmative finding. The record shows that appellant did not timely object to the affirmative finding.

We overrule appellant's fourth point of error.

## Ineffective Assistance of Counsel

In his second point of error, appellant contends that he was denied effective assistance of counsel in violation of the Sixth Amendment of the United States Constitution because his trial counsel (1) did not move to dismiss the indictment, (2) did not argue that the evidence was insufficient to support the deadly weapon allegation, and (3) did not provide effective counsel based on the totality of representation.

The trial court heard testimony solely from appellant's trial counsel at the hearing on appellant's motion for new trial alleging ineffective assistance of counsel.

The grant or denial of a motion for new trial is a matter entirely within the trial court's discretion and will not be reversed unless the trial court abused its discretion. *State v. Gonzalez,* 855 S.W.2d 692, 696 (Tex.Crim.App.1993). An abuse of discretion occurs when the trial court's decision is so clearly wrong as to lie outside the zone of reasonable disagreement. *Cantu v. State,* 842 S.W.2d 667, 682 (Tex.Crim. App.1992). At a hearing on a motion for new trial, the trial court is the sole judge of witness credibility. *See Lewis v. State,* 911 S.W.2d 1, 7 (Tex.Crim.App.1995).

The standard for evaluating ineffective assistance of counsel claims is set forth in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). *Hernandez v. State,* 726 S.W.2d 53, 55 (Tex.Crim.App.1986); *Gamble v. State,* 916 S.W.2d 92, 93 (Tex.App.-Houston [1st Dist.] 1996, no pet.). To be entitled to a new trial based on ineffective assistance, an appellant must show that (1) counsel's performance was so deficient that he was not functioning as acceptable counsel under the Sixth Amendment, and that (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064; *Gamble,* 916 S.W.2d at 93. In determining whether the *Strickland* test has been met, we measure counsel's performance on the totality of the representation afforded, not on individual alleged errors. *See Ex parte Welborn,* 785 S.W.2d 391, 393 (Tex.Crim.App.1990). The constitutional right to counsel does not mean errorless counsel or counsel whose competency is judged by hindsight. *Doherty v. State,* 781 S.W.2d 439, 441 (Tex.App.-Houston [1st Dist.] 1989, no pet.).

The defendant bears the burden to prove ineffective assistance of counsel. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064; *Gamble,* 916 S.W.2d at 93. A defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2064; *Gamble* 916 S.W.2d at 93. A claim of ineffective assistance of counsel must be firmly supported in the record. *McFarland v. State,* 928 S.W.2d 482, 500 (Tex.Crim.App.1996).

*The Indictment*

 Appellant contends that he received ineffective assistance because trial counsel did not move to dismiss the indictment. According to appellant, his trial counsel should have filed a motion to quash the indictment because a portion of the indictment incorrectly inserted Officer Lee Vaughan's name for appellant's. Appellant argues that, if the court had ruled on a motion to quash, appellant's indictment would have been dismissed, or at a minimum, the State would have been more likely to plea bargain with appellant if challenged with a motion to quash.

Appellant's indictment alleged that, "... with intent that aggravated sexual assault be committed, the Defendant requested, commanded, and attempted to induce Lee Vaughan, known to the defendant as Brandon, a person believed to be younger than seventeen years of age, to engage in specific conduct, that, *under the circumstances surrounding the conduct of Lee Vaughan, known to the Defendant as Brandon,* as the Defendant believed them to be, would constitute the offense of aggravated sexual assault...." The Penal Code, however, requires that the circumstances surrounding the conduct refer to the actor or the defendant, not the alleged victim. TEX. PENAL CODE ANN. § 15.031(b) (Vernon 2003). Thus, appellant argues, the indictment was properly subject to a motion to quash. *See Robinson v. State,*

764 S.W.2d 367, 370–71 (Tex.App.-Dallas 1989, pet. ref'd).

Although subject to a motion to quash, an indictment containing this type of pleading error is not fundamentally defective for charging purposes because it contains all of the elements of the offense of criminal solicitation. *See Robinson,* 764 S.W.2d at 371. A matter of form or substance in an indictment may be amended if the substantial rights of a defendant are not prejudiced and if the amendment does not allege an additional or different offense. TEX.CRIM. PROC.CODE ANN. art. 28.10 (Vernon 2001). Thus, the State could have simply moved to amend the indictment in response to a motion to quash. *See id.*

■■■■ The hearing on the motion for new trial produced no evidence to explain why trial counsel did not seek dismissal of the indictment. Furthermore, nothing in the record suggests that the defect in the indictment would have benefitted appellant by making the State more amendable to a plea bargain or to drop the deadly weapon allegation from the indictment. Appellant has not established that he would have prevailed on a motion to dismiss, given that the indictment contained all the elements of the offense of criminal solicitation and could have been amended to correct the pleading error. *See Robinson,* 764 S.W.2d at 371; *see also* TEX.CRIM. PROC. CODE ANN. art. 28.10. To establish ineffective assistance of counsel for failure to file a motion with the court, a defendant must demonstrate that he would have succeeded on the motion. *Jackson v. State,* 973 S.W.2d 954, 957 (Tex.Crim.App.1998).

The record reflects that counsel's overall trial strategy was to plead guilty to the indictment as written to avoid a jury trial, "reach out" to the judge, and "accept responsibility" so as to avoid a final conviction for the offense and obtain deferred adjudication. The record does not provide reasons to explain counsel's decision beyond his above stated strategy and we will not speculate. *See Jackson v. State,* 877 S.W.2d 768, 771 (Tex.Crim.App.1994); *Henderson,* 29 S.W.3d 616, 624 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd) (holding trial counsel was not ineffective when the record was silent as to trial counsel's reasons for declining to request instruction on concurrent causation).

We conclude appellant has not established ineffective assistance of counsel for failure to file a motion to dismiss the indictment.

*The Deadly Weapon Finding*

Appellant contends that he received ineffective assistance because trial counsel did not challenge the sufficiency of the evidence to support the deadly weapon allegation in the indictment. Appellant claims that his trial counsel should have raised the issue that, despite appellant's plea of guilty to the charge, appellant was not guilty of the deadly weapon allegation. A trial court, however, has the discretion to find a defendant not guilty or guilty of a lesser offense, despite a defendant's guilty plea to the charged offense. *Brown v. State,* 11 S.W.3d 360, 363 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd). The record establishes that trial counsel explained to appellant that the only way he could receive deferred adjudication was from the trial court upon a plea of guilty. Furthermore, the record establishes that, according to appellant's trial counsel, the State was unwilling to waive its right to a jury trial unless appellant pled guilty to all the charges, including the deadly weapon allegation. The record further establishes that, although the trial court admonished appellant of his right to a jury trial, appellant voluntarily, intentionally, and knowingly waived his right to a jury trial by pleading guilty and confessing to all charges.

Trial counsel testified at the motion for new trial hearing that he believed he told the trial court several times that appellant was not guilty of using or exhibiting the deadly weapon during the offense, but that appellant would nevertheless plead guilty to that allegation. The record of the sentencing phase of the trial does not support counsel's version of the events, but the record before us contains no reporter's record of the hearing on appellant's plea of guilty. Trial counsel's testimony may therefore refer to arguments he made during the hearing on appellant's plea of guilty to the court. Given appellant's confession to using or exhibiting a deadly weapon, along with trial counsel's recollection that he argued to the trial court that appellant should be found not guilty of the deadly weapon allegation, we cannot conclude that counsel was ineffective for not arguing that the trial court should have found the deadly weapon allegation not true, particularly in light of trial counsel's and appellant's overall trial strategy that appellant accept full responsibility for the conduct so as to obtain deferred adjudication for the offense.

We conclude that appellant has not established that trial counsel was ineffective for not asserting his alleged innocence of the deadly weapon allegation after appellant pleaded guilty to the deadly weapon charge.

*The Totality of the Representation*

Appellant contends that he received ineffective assistance because trial counsel (1) signed and allowed appellant to sign admonishments stating that the term of his sex-offender registration would be life when the correct time frame was 10 years, (2) did not object to the affirmative finding of the age of the intended victim in the judgment, (3) did not discuss the possibility of a jury trial with appellant, (4) advised appellant that he had to plead true to the deadly weapon allegation, even though appellant denied using a weapon, and (5) stated that he did not think appellant was eligible for probation from a jury.

Appellant has not established that the outcome of the proceedings would have been different if he had been properly admonished that he must register as a sex offender for the lesser term of 10 years instead of life. Likewise, even if trial counsel's lack of objection to the trial court's affirmative finding on the age of the victim were error, appellant concedes in his fourth point of error that no harm resulted from including that finding. Appellant contends only that the finding "could" in the future mistakenly affect how long appellant must register as a sex offender. The record exhibits somewhat conflicting testimony regarding trial counsel's discussions with appellant about the right to trial by jury and whether a jury could or could not assess probation, and therefore, does not firmly establish that counsel was ineffective. As to appellant's contention that trial counsel informed appellant that he had to plead guilty to the deadly weapon allegation, the record indicates that counsel did not advise appellant that he was categorically required to plead guilty to the deadly weapon allegation. Rather, trial counsel explained to appellant that, in order for the State to agree to waive a jury trial, he had to plead guilty to the indictment as written. According to appellant's trial counsel, appellant wanted to avoid a jury trial "at all costs," sought deferred adjudication from the court, and therefore chose to plead guilty to the indictment as written.

The record reflects that trial counsel met and discussed the case with appellant over the course of his representation, called three witnesses at the sentencing hearing, cross-examined the State's three witnesses, entered a favorable polygraph

examination into evidence, and made a closing statement on behalf of his client. We note further that appellant was assessed four years' confinement, when the trial court could have assessed punishment at up to 20 years' confinement.

We conclude that appellant has not established that his counsel was ineffective based on the totality of his representation of appellant.

We overrule appellant's second point of error.

### Judgment Modification to Identify Deadly Weapon as a Firearm

■ The State asserts a cross-point of error contending that the judgment must be modified to specify that the deadly weapon was a firearm. Based on the plain language of section 3g(a)(2) of article 42.12 of the Code of Criminal Procedure, along with the apparent interpretation of that language in dictum by the Court of Criminal Appeals, we agree that, in cases in which the deadly weapon is a firearm, section 3g(a)(2) of article 42.12 requires that the deadly-weapon finding not only recite that a deadly weapon was used or exhibited, but that the weapon was a firearm. *Whatley v. State,* 946 S.W.2d 73, 76 n. 3 (Tex.Crim.App.1997); *Cobb v. State,* 95 S.W.3d 664, 667–68 (Tex.App.-Houston [1st Dist.] 2002, no pet.). We modify the judgment to add to the deadly-weapon affirmative finding that the weapon was a firearm.

### Conclusion

We modify the judgment to designate that the deadly weapon used in the commission of the offense was a firearm, and, as modified, we affirm the judgment of the trial court.