IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00023-CR

 

Alfred Martinez Perez,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 



From the 54th District Court

McLennan County, Texas

Trial Court No. 2002-332-C

 



MEMORANDUM  Opinion










 

          Alfred Martinez Perez was convicted of
Sexual Assault on April 6, 2006.  There being no motion for new trial in the
record, Perez’ notice of appeal was due May 7, 2006.  See Tex. R. App. P. 26.2(a).  Perez’ notice
of appeal was filed on January 8, 2007, over 8 months late.  We have no
jurisdiction of an untimely filed notice of appeal.  Olivo v. State, 918
S.W.2d 519, 522 (Tex. Crim. App. 1996).

          The Clerk of the Court warned Perez by
letter that because the notice of appeal appeared untimely, the Court may
dismiss the appeal unless, within 21 days from the date of the letter, a
response is filed showing grounds for continuing the appeal.  See Tex. R. App. P. 44.3.  More than 21
days have passed, and Perez has not responded to the Clerk’s warning.

          The appeal is dismissed.

 

                                                                   TOM
GRAY

                                                                   Chief
Justice

 

Before
Chief Justice Gray,

          Justice
Vance, and

          Justice
Reyna

Appeal
dismissed

Opinion
delivered and filed March 7, 2007

Do
not publish

[CR25]






ont-size:14.0pt;font-family:
 "CG Times";text-transform:uppercase;mso-no-proof:yes'>Charleston Lewis Parrish,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 54th District Court

McLennan County, Texas

Trial Court # 2003-429-C

 



MEMORANDUM 
Opinion










 

      Charleston
Lewis Parrish appeals his sentence for murder. 
We affirm.

      In
Parrish’s first issue, he contends that the trial court rendered judgment
without a finding of guilt.  Parrish pled
guilty and the jury assessed his punishment. 
The trial court instructed the jury to find Parrish guilty, and the
verdict recited in relevant part, “We, the Jury, having found the Defendant
. . . guilty of the offense of Murder, . . . assess his
punishment . . . .”  Parrish
argues that the verdict does not include a finding of guilt.  Parrish made no objection to the verdict,
sentence, or judgment; and thus waived his complaint.  See
Tex. R. App. P. 33.1(a); Mendez v. State, 138 S.W.3d 334, 338
(Tex. Crim. App. 2004); Keller v. State, 125
S.W.3d 600, 606 (Tex. App.—Houston [1st Dist.] 2003, pet. granted on other grounds) (judgment).  We overrule Parrish’s first issue.

      In
Parrish’s second issue, he contends that the trial court’s charge did not
require a unanimous verdict on the issue of sudden passion.  See
Tex. Penal Code Ann.
§ 19.02(a)(2), (d) (Vernon 2003). 
The charge defined sudden passion and instructed the jury on it, and
instructed the jury that the verdict must be unanimous.  For each possible sentence, the court gave
the jury a verdict form that was predicated on the finding either, “We, the
Jury, having found the Defendant . . . guilty of the offense of
Murder, not under the immediate influence of sudden passion,” or, “We, the
jury, having found the Defendant . . . guilty of the offense of
Murder, and do further find that the defendant was acting under the immediate
influence of sudden passion.”  The trial
court did not abuse its discretion.  See Tex.
Code Crim. Proc. Ann. art. 36.14 (Vernon 1981); Hankins
v. State, 132 S.W.3d 380, 386-87 (Tex. Crim. App. 2004); Watts v.
State, 99 S.W.3d 604, 611 (Tex. Crim. App. 2003).  We overrule Parrish’s second issue.

      In
Parrish’s third issue, he contends that the trial court erred in overruling his
objection to the admission of his juvenile dispositions for felony theft,
including commitments to the Texas Youth Commission.  The Texas Family Code
provides, “The adjudication or disposition of a child or evidence adduced in a
hearing under” the Juvenile Justice Code “may be used . . . in
subsequent . . . sentencing proceedings in criminal court against the
child to the extent permitted by the Texas Code of Criminal Procedure,
1965.”  Tex.
Fam. Code Ann. § 51.13(b) & (2) (Vernon 2002).  The Code of Criminal Procedure, in turn,
provides in part:

            (a)   (1)  . . . .  [S]ubject to Subsection (h) [sic], evidence
may be offered by the state and the defendant of an adjudication of delinquency
based on a violation by the defendant of a penal law of the grade of:

            (A)  a felony; or

            (B)  a misdemeanor punishable by confinement in
jail.

            .
. . .

            (h)  Regardless of whether the punishment will be
assessed by the judge or the jury, neither the state nor the defendant may
offer before sentencing evidence that the defendant plans to undergo an
orchiectomy.

            (i)   Evidence of an adjudication for conduct that
is a violation of the grade of misdemeanor punishable by confinement in jail is
admissible only if the conduct upon which the adjudication is based occurred on
or after January 1, 1996.

Tex. Code Crim. Proc.
Ann. art. 37.07, § 3 (Vernon Supp. 2004-2005).

      In Goodman v. Texas, the Texas Court of
Criminal Appeals, in interpreting former Section 51.13, has held that juvenile
dispositions are admissible where the trial court deems them relevant to
sentencing.  See Goodman v. State, 701
S.W.2d 850 (Tex. Crim. App. 1985); Act of May 25, 1973, 63d Leg., R.S., ch. 544, § 1, sec.
51.13(b), 1973 Tex. Gen. Laws 1460, 1466 (amended 1999) (current version at Tex. Fam. Code Ann.
§ 51.13(b)).  There, the Court held
that evidence that the appellant, “as a juvenile,” committed theft and “was
sent to reform school” was admissible under Code of Criminal Procedure Article
37.071, which governs the punishment phase of capital cases, since that article
“permits admission of evidence regarding any matter the court deems relevant to
the sentence.”  Goodman at 867; see Tex. Code Crim. Proc. Ann. art. 37.071,
§ 2(a)(1) (Vernon Supp. 2004-2005).  Article 37.07, Section 3, governing
non-capital cases, now, like Article 37.071, makes evidence “as to any matter
the court deems relevant to sentencing” admissible.  Tex.
Code Crim. Proc. Ann. art. 37.07, § 3(a)(1).  “While article 37.07 § 3(a) does not
allude to ‘dispositions’ of juvenile cases, it does not forbid their use when
the trial court deems the evidence to be relevant to sentencing.”  Santoya
v. State, No. 04-94-00761-CR, 1996 WL 14073, at *8 (Tex. App.—San Antonio
Jan. 17, 1996, pet. filed) (not designated for publication).  Moreover, a person’s commitment to the Texas
Youth Commission is admissible in “imposing sentence in any criminal proceeding
against the same person . . . .” 
Tex. Hum. Res. Code Ann.
§ 61.066(2) (Vernon 2001).

      Accordingly,
the trial court did not err in overruling Parrish’s objections to evidence of
his juvenile dispositions.  We overrule
Parrish’s third issue.

      In
Parrish’s fourth issue, he contends that the trial court erred in not sua sponte withdrawing his plea of
guilty.  The Court of Criminal Appeals
has overruled the cases on which Parrish relies.  See
Mendez, 138 S.W.3d 334.  We overrule
Parrish’s fourth issue.

      Having
overruled Parrish’s issues, we affirm.

TOM GRAY

Chief Justice

Before Chief Justice Gray, 

      Justice
Vance, and

      Justice
Reyna

(Justice Vance concurring)*

Affirmed

Opinion
delivered and filed February 2, 2005

Do
not publish

[CRPM]

 

          * “Justice Vance concurs in the
judgment.”