Opinion issued March 5, 2009









Opinion issued March 5,
2009

 

 

 



 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



NO.   01-08-00528-CR




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



KENNETH EARL WHITLOCK, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 338th District Court

Harris County, Texas

Trial Court Cause No. 1145491 

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



MEMORANDUM OPINION

           Appellant Kenneth Earl
Whitlock pleaded guilty and judicially confessed to the felony offense of
aggravated robbery with a deadly weapon.  Tex.
Penal Code Ann. §§ 29.03, 1.07(a)(17) (Vernon 2003 & Supp. 2008). 
On appeal, Whitlock contends that his conviction should be reversed because the
record does not contain factually sufficient support for the trial court’s
finding that he used and exhibited a deadly weapon during the commission of the
offense.  We affirm.

Background

In connection with
entering his guilty plea, Whitlock read and signed a waiver of rights,
stipulated to the evidence against him, and judicially confessed to having
committed the acts described in the charging document, namely, that he, “in the
course of committing theft of property owned by BARBARA WATKINS and with intent
to obtain and maintain control of the property, intentionally and knowingly
threaten[ed] and place[d] BARBARA WATKINS in fear of imminent bodily injury and
death, and . . . “use[d] and exhibit[ed] a deadly weapon, to-wit: A FIREARM.” 
Whitlock did not reach an agreed recommendation with the State as to
punishment.  After admonishing Whitlock of the consequences of his plea and
finding that he entered it knowingly and voluntarily, the trial court accepted
the plea, ordered a pre-sentence investigation, took evidence at a punishment
hearing, and sentenced Whitlock to ten years’ confinement.




Discussion

The sole issue in
Whitlock’s appeal is whether factually sufficient evidence supports the finding
that he used a firearm during the commission of the offense.  The record
establishes the validity of Whitlock’s judicial confession, in which he
stipulated to having used a firearm during the commission of the offense.  The
standard of review for factual sufficiency of the evidence, set forth in Johnson
v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000), does not apply when a
defendant enters a valid guilty plea.  Keller v. State, 125 S.W.3d 600,
604–05 (Tex. App.—Houston [1st Dist.] 2003, pet. dism’d).  Our “sufficiency”
review on appeal of felony pleas of guilty to the court is confined to
determining whether sufficient evidence supports the judgment of guilt under
article 1.15 of the Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon 2005); Ex
parte Williams, 703 S.W.2d 674, 678 (Tex. Crim. App. 1986); Keller,
125 S.W.3d at 604.  Whitlock nevertheless claims that the evidence adduced at
the punishment hearing, which proves that he used an unloaded BB gun during the
robbery, rendered the evidence factually insufficient with respect to the
court’s deadly weapon finding.

When evidence is
introduced in the trial court that either makes the defendant’s innocence
evident or reasonably and fairly raises an issue as to his guilt, the trial
court has the authority to decide that the “evidence did not create a
reasonable doubt as to guilt” or, alternatively, acquit the defendant or find
him guilty of a lesser included offense.  See Aldrich v. State, 104
S.W.3d 890, 893 (Tex. Crim. App. 2003).  Under those circumstances, the trial
court is not required to formally withdraw the defendant’s plea before choosing
to evaluate the State’s evidence under a reasonable doubt standard, but may simply
proceed as though it has withdrawn the guilty plea and entered a not guilty
plea in its place.  See Moon v. State, 572 S.W.2d 681, 682 (Tex. Crim. App.
1978).  

Here, we need not decide
whether the trial court made any such choice because Whitlock’s use of an
unloaded BB gun supports, rather than undermines, the stipulated fact that he
used a deadly weapon in committing the offense.  The Court of Criminal Appeals
has held that a BB gun can be a weapon capable of causing serious bodily
injury, making it a deadly weapon in some cases.  See Adame v. State,
69 S.W.3d 581, 582 (Tex. Crim. App. 2002); accord Whatley v. State, No.
01-07-00442-CR, 2008 WL 2388134, at *2 (Tex. App.—Houston [1st Dist.] June 12,
2008, pet. ref’d).  Whether the BB gun is loaded or unloaded is immaterial.  Adame,
69 S.W.3d at 582; Whatley, 2008 WL 2388134 at *2.  Here, during the
punishment hearing, the complainant testified that, in the course of the
robbery, Whitlock pointed the BB gun directly at her and her coworker while
threatening them, at one point “pointing the gun at me . . . right at my
head.”  We hold that factually sufficient evidence supports the trial court’s
finding that Whitlock used a firearm in committing the robbery.  

Conclusion

We therefore affirm the
judgment of the trial court.  

 

 

                                                          Jane
Bland

                                                          Justice

 

Panel consists of Judges Taft, Bland,
and Sharp.

Do not publish.  Tex. R. App. P. 47.2(b).