Opinion issued
July 15, 2010.

 

 



 

 

 

 

 

 

In
The

Court of Appeals

For The

First District of
Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-09-00044-CR

____________

 








TIMOTHY JAMES ANGLIN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

On Appeal from the 240th District
Court

Fort Bend County, Texas

Trial Court Cause No. 47370

 

 



MEMORANDUM
OPINION








Appellant, Timothy James Anglin,
appeals from a judgment convicting him of possession a prohibited substance in
a correctional facility.  See Tex. Penal Code Ann. § 38.11 (Vernon Supp.
2009).  Appellant pleaded guilty to the
court without a plea bargain agreement.  The
court found him guilty and assessed punishment at confinement for 25 years.  In two issues, appellant contends the
evidence is legally and factually insufficient to support his conviction.  Determining the evidence is legally and
factually sufficient to sustain appellant’s conviction for possession a prohibited
substance in a correctional facility, we affirm.

Background








          Prior
to the commission of this offense, appellant had been indicted for possession
of a controlled substance and was awaiting trial.  During this time his counsel informed him
that he had been indicted for an additional charge of sexual assault to a
child.  Appellant’s counsel told him that
he would be arrested when he went to the courthouse for a court setting related
to the drug charge.  Appellant knew he
would be taken into custody and testified that, before turning himself in, he
modified his shoes by cutting out the inside of the insole to hide items within.  He stated that he chose to bring the items to
jail with him because he read in the inmate handbook that the consequence for
contraband was a thirty-day lockup, commissary restriction, and restriction on
visitation.  He said that his family
could not afford to use the telephones provided by the jail so, in light of the
expense and his belief in the thirty-day punishment, he felt it would be worth
it to hide the contraband.

          When
appellant came to court for his drug charge, he had a pre-paid cell phone, an additional
cell phone battery, and two types of medication, Oxycodone and Xanax, concealed
in the sole of his tennis shoes.  Upon
being taken into custody, appellant was patted down and his clothing and shoes
were searched.  Officers did not find the
items in appellant’s shoes.  Appellant
kept these items in jail until they were discovered approximately three months
later during a routine search.

Sufficiency
of Evidence for Prohibited Substance in Correctional Facility








          In
two points of error, appellant contends the evidence is legally and factually
insufficient to prove appellant’s guilt for the offense of prohibited substance
in a correctional facility.

A.        Elements
of Prohibited Substance in a Correctional Facility

          Appellant challenges the sufficiency
of the evidence to sustain his conviction of prohibited substance in a
correctional facility.  Under Texas Penal
Code sections 38.11(c) and 38.11(d)(1), a person commits an offense if the
person takes a controlled substance or dangerous drug on property owned, used,
or controlled by a correctional facility or if a person possesses a controlled
substance or dangerous drug while in a correctional facility or on property
owned, used, or controlled by a correctional facility.  See
Tex. Penal Code Ann. §§ 38.11(c),
38.11(d)(1) (Vernon Supp. 2009).  A
person also commits an offense if the person provides or possesses with the
intent to provide a cellular telephone or other wireless communications device
or a component of one of those devices to a person in the custody of a
correctional facility.  See Tex.
Penal Code Ann. § 38.11(a)(3) (Vernon Supp. 2009).  A “component” is
defined as any item necessary for the current, ongoing, or future operation of
a cellular telephone or other wireless communications device, including a
subscriber identity module card or functionally equivalent portable memory
chip, a battery or battery charger, and any number of minutes that have been
purchased or for which a contract has been entered into and during which a
cellular telephone or other wireless communications device is capable of
transmitting or receiving communications. 
Tex. Penal Code Ann. § 38.11(f)(5)
(Vernon Supp. 2009).

B.  
     Applicable Law for Sufficiency of Evidence
Challenge to Plea of          Guilty

 

          In situations in which a defendant
has pleaded guilty, this Court has found that the plea of guilty waives all
non-jurisdictional defenses, including challenges to the legal and factual sufficiency
of the evidence.  See Keller v. State, 125 S.W.3d 600, 605 (Tex. App.—Houston [1st
Dist.] 2003, pet. dism’d, improvidently
granted, 146 S.W.3d 677 (Tex. (Tex. Crim. App. 2004) (per curiam).  Appellant urges this Court to reject the
prior findings of Keller, but we
decline the invitation.  See Ballesteros v. State, No.
01-08-00788-CR, 2009 WL 1958314 at *2 (Tex. App.—Houston [1st Dist.] July 9, 2009,
no pet.) (mem. op., not designated for publication) (rejecting appellant’s
invitation to abandon Keller standard
of review in favor of Jackson
standard of review in cases where defendant pleaded guilty and executed
judicial confession).  

          Our “sufficiency” review
on appeal of felony pleas of guilty to the court is confined to determining
whether sufficient evidence supports the judgment of guilt under article 1.15
of the Code of Criminal Procedure.  Keller, 125 S.W.3d at 605.  (citing Tex.
Crim. Proc. Code Ann. art 1.15). 
Pursuant to article 1.15 of the Code of Criminal Procedure, the State
must offer sufficient proof to support any judgment based on a guilty plea in a
felony case tried to the court.  Id. at 604 (citing Tex. Crim. Proc. Code Ann. art 1.15
(Vernon 2001)).  The State must
“introduce evidence into the record showing the guilt of the defendant and said
evidence shall be accepted by the court as the basis for its judgment and in no
event shall a person charged be convicted upon his plea without sufficient
evidence to support the same.”  Id. 

C.        Analysis

          Appellant
pleaded guilty to the first paragraph of the indictment, thus confessing that
he possessed prohibited substances in a correctional facility, namely a
cellular telephone and a component of a wireless communication device.  Appellant read and signed a “Waiver of Statutory
and Constitutional Rights, Written Stipulation, and Judicial Confession” that
contained the following statement: “I understand the charge or charges alleged
against me; I understand all the admonitions given to me by the Court and the
consequences of my plea.”  The record
establishes that appellant freely, intentionally, knowingly, and voluntarily
confessed to possessing prohibited substances in a correctional facility.  See
Keller, 125 S.W.3d at 605.  A
presumption of truthfulness and regularity applies to documents filed in the
trial court.  Id. (citing Breazeale v.
State, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984)).  Appellant’s judicial confession is sufficient
evidence to satisfy the requirements of article 1.15 to show that he possessed
a prohibited substance in a correctional facility, and the record need not
otherwise provide proof.  See id.; see also Stewart v. State,
12 S.W.3d 146, 148 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (citing Dinnery v. State, 592 S.W.2d 343, 353
(Tex. Crim. App. 1979)).

We overrule appellant’s first and
second issues. 




 

Conclusion

          We
affirm the judgment of the trial court.                                                  

PER CURIAM

 

Panel consists of Justices Alcala, Massengale, and
Wilson.[1]

 

Do not publish. 
Tex. R. App. P. 47.2(b). 











[1]
          The Honorable Davie L. Wilson,
retired Justice, First Court of Appeals, participating by assignment.