

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00462-CR

Ricardo **ESPINOZA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 249th Judicial District Court, Johnson County, Texas
Trial Court No. F46903
The Honorable Dennis Wayne Bridewell, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:       Catherine Stone, Chief Justice
               Sandee Bryan Marion, Justice
               Rebeca C. Martinez, Justice

Delivered and Filed:  April 2, 2014

AFFIRMED

Ricardo Espinoza pled guilty to intoxication manslaughter with a deadly weapon and accident involving serious bodily injury or death. A jury trial was held with regard to punishment, and the jury assessed punishment at eighteen years confinement for the intoxication manslaughter offense and ten years confinement for the accident involving serious bodily injury or death offense. Separate judgments were entered for each offense. On appeal, Espinoza contends: (1) the trial court erred in denying his motion for a mistrial after a verbal outburst in the courtroom; (2) his right to a neutral and impartial judge was violated when the trial court failed to grant the mistrial;

and (3) the evidence is legally insufficient to support the deadly weapon finding. We affirm the trial court's judgments.

## BACKGROUND

At trial, Espinoza testified that he drank around six or seven twelve-ounce bottles of beer at a bar. Espinoza also testified that he obtained a bag of what he thought was cocaine which he snorted while at the bar.[1] Espinoza stated that he arrived at the bar around 10:00 p.m. and left around 3:30 a.m. While driving home, Espinoza struck a motorcycle while making a left turn and then fled the scene of the accident. The motorcycle was driven by Dustin Dodson, who died as a result of the injuries he sustained.

A subsequent blood draw revealed that Espinoza's blood alcohol concentration was 0.086, which was above the legal limit of 0.08. Extrapolating from the test result and the facts, an expert opined that Espinoza's blood alcohol concentration at the time he struck Dodson was 0.12. Espinoza's blood also contained varying levels of methamphetamine and cannabinoids, which is the chemical compound found in marijuana.

## OUTBURSTS

In his first two issues, Espinoza focuses on an outburst by Dodson's widow during the trial. Espinoza's brief cites the following portion of the reporter's record in support of these issues:

> [DEFENSE COUNSEL]: I know it's very overwhelming for Mr. Dodson's wife, and I'm not blaming her for anything, but I have to do my job, Judge, and based on her outburst just now, I would suggest to the Court that it's prejudicial to my client and it's — puts my client in a bad light with the jury as far as being objective. You've already instructed the audience to maintain being quiet. Based on her latest outburst and the outburst in the hallway, I move for a mistrial.

> [PROSECUTOR]: She had — she cannot control her emotions since it's so overwhelming. Whenever she had her emotions, she left, and she went to the hallway. She's doing everything she can do. She has an absolute right as the victim's wife and widow to be here as a witness.

---

[1] The drug was later determined to be methamphetamine.

[DEFENSE COUNSEL]: I didn't say she doesn't have a right to be here, Judge. I'm just saying she, based on her most recent outburst, which we had one yesterday, this was even more significant than yesterday. And I understand her predicament, but I also have to protect my client's rights. And based on that outburst right beside the jury, I have to — the Court observed it and saw it. And based on that outburst, I move for [a] mistrial, Your Honor.

[PROSECUTOR]: She can't — and she did the right thing. When she had it, she left. It's not in bad will. It's not anything we planned or intended.

[DEFENSE COUNSEL]: I don't think the State of Texas planned it, Judge, but I know they have instructed her and her family to control themselves and, apparently, she can't do it.

[PROSECUTOR]: Respectfully disagree.

THE COURT: Okay. The Court will deny the motion for mistrial.

1.      *Denial of Motion for Mistrial*

In his first issue, Espinoza contends the trial court erred in denying his motion for mistrial. "A trial judge's denial of a motion for mistrial is reviewed under an abuse of discretion standard, and his ruling must be upheld if it was within the zone of reasonable disagreement." *Coble v. State*, 330 S.W.3d 253, 292 (Tex. Crim. App. 2010).

"Most appellate complaints must be preserved by a timely request for relief at the trial level." *Unkart v. State*, 400 S.W.3d 94, 98 (Tex. Crim. App. 2013). "The 'traditional and preferred procedure' for seeking relief at trial for a complaint that must be preserved is '(1) to object when it is possible, (2) to request an instruction to disregard if the prejudicial event has occurred, and (3) to move for a mistrial if a party thinks an instruction to disregard was not sufficient.'" *Id*. at 98-99 (quoting *Young v. State*, 137 S.W.3d 65, 69 (Tex. Crim. App. 2004)). "A party may skip the first two steps and request a mistrial, but he will be entitled to one only if a timely objection would not have prevented, and an instruction to disregard would not have cured, the harm flowing from the error." *Id*. at 99.

"[A]n outburst from a bystander or witness 'which interferes with the normal proceedings of a trial will not result in reversible error unless the defendant shows that a reasonable probability [exists] that the conduct interfered with the jury's verdict.'" *Coble*, 330 S.W.3d at 292 (quoting *Stahl v. State*, 749 S.W.2d 826, 829 (Tex. Crim. App. 1988)). "In the context of such outbursts, the trial judge's instructions to disregard are generally considered sufficient to cure the impropriety because it is presumed that the jury will follow those instructions." *Id.*

In the instant case, defense counsel did not ask for an instruction to disregard before moving for a mistrial. In order to skip this step of the error preservation procedure, Espinoza must establish that an instruction to disregard would not have cured any potential prejudice resulting from the outburst. *See Unkart*, 400 S.W.3d at 99. Since "instructions to disregard are generally considered sufficient to cure the impropriety" of an outburst, Espinoza must, at a minimum, show that "a reasonable probability [exists] that the [outburst] interfered with the jury's verdict." *Coble*, 330 S.W.3d at 292.

In the instant case, however, the record does not reveal the nature of the outburst. *Compare Coble*, 330 S.W.3d at 291-92 (quoting outbursts recorded in reporter's record); *Stahl*, 749 S.W.2d at 828-29 (same). In order to establish harm in this context, Espinoza needed to ensure that the outburst was described in the record; this could have been accomplished by "perfect[ing] a bystander's bill of exception" to describe the outburst, Mrs. Dodson's "proximity … to the jury, the audibility of [Mrs. Dodson's] comments, and [whether] all members of the jury could see and hear what transpired." *Stahl*, 749 S.W.2d at 832; *see also Jabari v. State*, 273 S.W.3d 745, 755 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (holding complaint regarding outburst waived when outburst not described in record). Because Espinoza did not request an instruction to disregard and the record fails to establish that such an instruction would not have cured any

potential prejudice flowing from the outburst, we hold the trial court did not abuse its discretion in denying the motion for mistrial. *See Unkart*, 400 S.W.3d at 98-99.

2.     *Neutral and Impartial Trial Judge*

In his second issue, Espinoza contends that his constitutional right to a neutral and impartial judge was violated "when the trial court refused to enforce its own order and refused to grant a mistrial when a testifying witness for the State committed two outbursts in front of the jury." Espinoza provides no citation in his brief to the pages in the record where he made an objection sufficient to preserve this issue for our review; however, "[w]e need not decide today whether an objection below is required to preserve an error of this nature on appeal because the record here does not reflect partiality of the trial court." *Brumit v. State*, 206 S.W.3d 639, 644 (Tex. Crim. App. 2006); *see also Trung The Luu v. State*, No. 14-12-00665-CR, 2013 WL 4487564, at *4 (Tex. App.—Houston [14th Dist.] Aug. 22, 2013, no pet.).

"Due process requires a neutral and detached hearing body or officer." *Brumit*, 206 S.W.3d at 645. "Absent a clear showing of bias, a trial court's actions will be presumed to have been correct." *Id*. As previously noted, the record in this case does not establish the nature of the outbursts upon which Espinoza bases his complaint; therefore, the record cannot establish a clear showing of bias by the trial court's failure to grant a mistrial based on these outbursts. Because the record does not establish a clear showing of bias, the record does not overcome the presumption that the trial court's actions were correct. *Id*.

## DEADLY WEAPON FINDING

In his third and final issue, Espinoza contends the evidence is legally insufficient to support a finding that his vehicle was a deadly weapon. This issue must be examined in the context of Espinoza's guilty plea.

When a defendant enters a plea of guilty, the traditional standard for reviewing the legal sufficiency of the evidence does not apply. *Ex parte Williams*, 703 S.W.2d 674, 682 (Tex. Crim. App. 1986); *Tijerina v. State*, 264 S.W.3d 320, 322 (Tex. App.—San Antonio 2008, pet. ref'd); *Keller v. State*, 125 S.W.3d 600, 605 (Tex. App.—Houston [1st Dist.] 2003), *pet. dism'd, improvidently granted*, 146 S.W.3d 677 (Tex. Crim. App. 2004). "The entry of a valid plea of guilty has the effect of admitting all material facts alleged in the formal criminal charge." *Ex parte Williams*, 703 S.W.2d at 682. A guilty plea "is a conviction with nothing remaining but for the court to determine punishment and render judgment." *Id*. Because the State is statutorily required to support a guilty plea with evidence, however, we still must consider "whether the State introduced evidence of guilt embracing every essential element of the offense charged." *Tijerina*, 264 S.W.3d at 323; *see also Keller*, 125 S.W.3d at 605; TEX. CODE CRIM. PROC. ANN. art. 1.15 (West 2005).

Espinoza was charged with intoxication manslaughter with a deadly weapon. In support of Espinoza's guilty plea, the State introduced into evidence Espinoza's judicial confession in which Espinoza judicially confessed to committing the offense of intoxication manslaughter "exactly as charged within the indictment." The indictment stated:

> … Defendant, on or about July 21, 2012 and before the presentment of this indictment, in the County and State aforesaid, did then and there: operate a motor vehicle in a public place while intoxicated and did by reason of such intoxication cause the death of another, namely, Dustin Dodson, by accident or mistake, to-wit: by, driving said motor vehicle into the person of the said Dustin Dodson, and did then and there use or exhibit a deadly weapon, to-wit: a vehicle, that in the manner of its use or intended use is capable of causing death or serious bodily injury, during the commission of said assault.

Espinoza's judicial confession that he used or exhibited a deadly weapon is sufficient to support the deadly weapon finding. *See Johnson v. State*, No. 04-08-00919-CR, 2010 WL 3249895, at *5-

6 (Tex. App.—San Antonio Aug. 18, 2010, no pet.) (not designated for publication); *Keller*, 125

S.W.3d at 605.  Accordingly, Espinoza's third issue is overruled.

## CONCLUSION

The trial court's judgments are affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH