**Affirmed and Memorandum Opinion filed July 23, 2015.**



In The

# 𝔉ourteenth Court of Appeals

---

### NO. 14-14-00565-CR
### NO. 14-14-00566-CR

---

### CAMILE ERMINE STANLEY, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 230th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1384147 & 1384148**

---

# M E M O R A N D U M   O P I N I O N

Appellant Camile Ermine Stanley challenges two convictions for intoxication manslaughter, asserting that the evidence is insufficient to support the trial court's deadly-weapon finding and that the trial court erred in failing to make findings of fact and conclusions of law. We affirm.

# I.  FACTUAL AND PROCEDURAL BACKGROUND

After drinking two alcoholic beverages, appellant drove her car the wrong way on a freeway.  She crashed, head-on, into another car whose occupants were a young couple engaged to be married—complainants Emily Preston, the driver, and Kevin McDougall, the passenger.  Almost immediately after the first collision, a third driver also hit the young couple's car.  Fire consumed the twice-hit vehicle.  Both Emily and Kevin died at the scene.

Appellant pleaded guilty without an agreed punishment recommendation from the State, to two counts of intoxication manslaughter.  Appellant confessed to the truth of the allegation that she used her vehicle as a deadly weapon during the commission of the offense.  The trial court accepted appellant's guilty pleas.  At the punishment hearing, the trial court assessed punishment at twelve years' confinement for each offense, the sentences to run concurrently.  The trial court also made a deadly-weapon finding in each judgment.

# II.  ANALYSIS

## A. Did the evidence support the deadly-weapon finding?

In appellant's first two issues, she challenges the sufficiency of the evidence to support the deadly-weapon finding.  Article 1.15 of the Code of Criminal Procedure requires the State to offer sufficient evidence to support any judgment based on a guilty or nolo contendere plea in a felony case tried to the court.  Tex. Crim. Proc. Code Ann. art. 1.15 (West, Westlaw through 2013 3d C.S.); *Ex Parte Williams*, 703 S.W.2d 674, 678 (Tex. Crim. App. 1986).  The State must "introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted without sufficient evidence to support the same."  Tex. Crim. Proc. Code Ann. art. 1.15.

A guilty plea waives all non-jurisdictional defenses, including challenges to the sufficiency of the evidence. *Ex Parte Williams*, 703 S.W.2d at 682; *Keller v. State*, 125 S.W.3d 600, 605 (Tex. App.—Houston [1st Dist.] 2003, pet. dism'd). By pleading guilty, appellant has waived the right to challenge the legal sufficiency of the evidence[1] to sustain her conviction. On appeal from judgments based on felony guilty pleas to the court, our "sufficiency" review is limited to determining whether sufficient evidence supports the judgments of guilt under article 1.15. *See* Tex. Crim. Proc. Code Ann. art. 1.15; *Keller*, 125 S.W.3d at 605.

Appellant pleaded guilty to the last paragraph of the indictment. In addition, appellant confessed to the truth of the allegation that she used her vehicle as a deadly weapon during the commission of the offenses. Appellant read and signed a "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession" that contained the following statement: "I understand the above allegations and I confess that they are true and that the acts alleged above were committed on April 14, 2013." The record establishes that appellant freely, intentionally, knowingly, and voluntarily confessed to using a deadly weapon during the commission of the offenses. A presumption of truthfulness and regularity applies to documents filed in the trial court. *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984); *Valdez v. State*, 826 S.W.2d 778, 783 (Tex. App.—Houston [14th Dist.] 1992, no pet.). Appellant's judicial confessions are sufficient evidence to show she used a deadly weapon, and the record need not otherwise provide proof. *Cf. Knight v. State*, 481 S.W.2d 143, 143 (Tex. Crim. App. 1972); *Keller*, 125 S.W.3d at 605. Appellant's first and second issues are

---

[1] Appellant challenges the legal sufficiency of the evidence and the factual sufficiency of the evidence supporting the deadly-weapon findings in two separate issues. Even if the legal-sufficiency standard applied, there would be no separate factual-sufficiency review. *See Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013).

overruled.

**B. Did the trial court err in failing to make findings of facts and conclusions of law?**

In her third issue, appellant asserts that the trial court erred in failing to make findings of fact and conclusions of law regarding its deadly-weapon findings, despite appellant's timely request that the trial court do so.[2] Appellant cites no authority, and research has revealed no cases, holding that a trial court is required to make findings of fact and conclusions of law regarding a deadly-weapon finding following a plea of guilty to an indictment containing a deadly-weapon allegation. Instead, appellant points to the rule that a trial court, upon request, must make findings of fact and conclusions of law supporting its ruling on a motion to suppress and argues that rule should be applied when the trial court makes a deadly-weapon finding. *See State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006). We conclude that a deadly-weapon finding following a felony guilty plea to the court is not a context analogous to a trial court's ruling on a motion to suppress evidence. *Cf. Mattias v. State*, 731 S.W.2d 936, 939 (Tex. Crim. App. 1987) (holding a trial court is not obliged to make findings of fact and conclusions of law when the trial court sits as trier of fact in a criminal case). We decline appellant's invitation to create new law requiring trial courts to issue findings of fact and conclusions of law regarding deadly-weapon findings made following an appellant's guilty plea to the court in a felony case. The trial court did not err in failing to make findings of fact and conclusions of law. *See id.* Appellant's third issue is overruled.

## III. CONCLUSION

Appellant's guilty pleas provided sufficient evidence that she used her

---

[2] Appellant does not assert that her guilty pleas were involuntary.

vehicle as a deadly weapon. The trial court did not err in failing to make findings of fact and conclusions of law regarding the deadly-weapon findings. Accordingly, we affirm the judgments of the trial court.


/s/              Kem Thompson Frost
                            Chief Justice


Panel consists of Chief Justice Frost and Justices Jamison and Busby.

Do Not Publish — TEX. R. APP. P. 47.2(b).