**Opinion issued October 27, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00975-CR

———————————

**GERALD POWELL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 400th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 14-DCR-066695**

## MEMORANDUM OPINION

Appellant Gerald Powell pleaded guilty to robbery without an agreed recommendation as to punishment. *See* TEX. PENAL CODE § 29.02. The trial court sentenced him to eight years in prison. On appeal, Powell contends that the evidence before the court was legally insufficient to convict him of robbery.

Because Powell's stipulation to the crime was legally sufficient to support the conviction, we affirm.

## Background

Gerald Powell was accused of committing a robbery in Fort Bend County, Texas. According to a Fort Bend County offense report, the complainant, Rukshana Ali, withdrew $30,000 from a bank and then parked outside her apartment complex to check her mail. After she left her car, a blue vehicle occupied by two men pulled up behind her. The passenger demanded that Ali give him the keys to her vehicle. Ali threw the keys away from him. The passenger ran to the keys and picked them up. Ali followed him, and he shoved her to the ground, causing her to fall. Ali suffered minor abrasions from the fall. The passenger then drove away in Ali's car along with the $30,000 still inside.

Police recovered Ali's stolen car in Houston. A forensic team searched for fingerprints and DNA. After the forensic team discovered Powell's fingerprints in the car, a detective created a photo array that included his picture. From this array, Ali identified Powell as one of the people involved in the robbery.

Powell subsequently was arrested and charged with robbery. The indictment alleged that he, "while in the course of committing theft and with intent to obtain or maintain control of the property, intentionally, knowingly, and recklessly cause[d] bodily injury to Rukshana Ali by pushing Rukshana Ali to the ground."

Powell pleaded guilty to the offense without an agreed recommendation for sentencing, instead asking for a sentencing hearing before the court. He signed a document entitled "Defendant's Plea of Guilty or Nolo Contendere." This document bore his initials beside certain admonitions of the court, including a section titled "Written Stipulation and Judicial Confession," which stated:

> I, the Defendant, after consultation with my attorney, sign this "Written Stipulation and Judicial Confession" and have placed my initials in the brackets beside each, to stipulate and confess to the following:

> [ GP ].     That in Fort Bend County, Texas, I (the same individual indicted in this cause) on 5/16/2014, committed the acts alleged in the indictment in this cause, and that the evidence and testimony would prove beyond a reasonable doubt that acts and allegations in the indictment in this cause are true and correct . . . .

After a sentencing hearing, the trial court sentenced Powell to eight years in prison. The trial court certified his right of appeal. Powell filed a notice of appeal from the judgment.

## Analysis

In his sole issue, Powell asserts that the evidence presented to the trial court was legally insufficient to support his conviction.

When a felony conviction is based on a guilty plea the State must "introduce evidence into the record showing the guilt of the defendant and . . . in no event shall a person charged be convicted upon his plea without sufficient evidence to

3

support the same." TEX. CODE CRIM. PROC. art. 1.15. "The statute expressly provides that the defendant may consent . . . to an oral or written stipulation of what the evidence against him would be." *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009).

A stipulation of evidence "will suffice to support the guilty plea so long as it embraces every constituent element of the charged offense." *Id.* A stipulation that incorporates the indictment by reference will satisfy this requirement. *See Keller v. State*, 125 S.W.3d 600, 605 (Tex. App.—Houston [1st Dist.] 2003, pet. dism'd). Additionally, a stipulation to "the indictment as true and correct will constitute a judicial confession sufficient to support a judgment of conviction." *Menefee*, 287 S.W.3d at 16 n.30.

Powell signed a stipulation in which he admitted that he "committed the acts alleged in the indictment in this cause, and that the evidence and testimony would prove beyond a reasonable doubt that acts and allegations in the indictment in this cause are true and correct." The indictment alleged that Powell, "while in the course of committing theft and with intent to obtain or maintain control of the property, intentionally, knowingly, and recklessly cause[d] bodily injury to Rukshana Ali by pushing Rukshana Ali to the ground." A person commits robbery if, in the course of committing theft, and with intent to obtain or maintain control of property, he intentionally, knowingly, or recklessly causes bodily injury to

another. TEX. PENAL CODE § 29.02; *see McCall v. State*, 113 S.W.3d 479, 480 (Tex. App.—Houston [1st Dist.] 2003, no pet.). The indictment alleged all of the constituent elements of the offense of robbery. Thus, Powell's stipulation served as sufficient evidence to support his conviction as a result of his guilty plea. *See Menefee*, 287 S.W.3d at 13, 16 n.30; *Keller*, 125 S.W.3d at 605. Powell has not challenged the stipulation in any form, and the record indicates that his signature was knowing and voluntary. The trial court had sufficient evidence to convict Powell. *See* TEX. CODE CRIM. PROC. art. 1.15. We overrule Powell's sole issue.

## Conclusion

We affirm the judgment of the trial court.

Michael Massengale
Justice

Panel consists of Justices Bland, Massengale, and Lloyd.

Do not publish.  TEX. R. APP. P. 47.2(b).

5