**Roy Burton PALACIOS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–95–00612–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

March 27, 1997.

Rehearing Overruled April 24, 1997.

Renato Santos, Houston, for appellant.

Julie Klibert, Houston, for appellee.

Before ROBERTSON, DRAUGHN and ELLIS, JJ.[1]

### OPINION

ELLIS, Justice (Assigned).

Roy Burton Palacios appeals his conviction for voluntary manslaughter. He was originally charged with the offense of murder with two enhancement paragraphs for the offenses of auto theft and possession of a controlled substance. The State reduced the

charge to voluntary manslaughter with one enhancement and appellant pled guilty to that charge without an agreed recommendation as to punishment. He was sentenced to fifteen years imprisonment. Appellant appeals this conviction raising two points of error challenging the legal and factual sufficiency of the evidence supporting the judgment. We affirm.

Appellant shot and killed his brother, Raymond. The two had spent the evening at a club with a small group of friends, which included appellant's girlfriend and one of her friends. Everyone was drinking. After leaving the club, the group went to a bar, had another round of drinks, and ate. Then, the appellant and the two women went to his aunt's home where he and Raymond lived. Raymond had remained at the bar. When Raymond arrived home later, he was very intoxicated and obnoxious. Initially, appellant attempted to calm his brother and told him to go to sleep. However, Raymond continued to argue with appellant in an attempt to get him to return to the bar to fight another man. He cursed at appellant's girlfriend and threatened to kill everyone if appellant did not go with him. Then, he went into the bedroom and threw a coffee table at his aunt's bed. Appellant entered the bedroom and the two continued arguing. Raymond, who was unarmed, walked toward appellant, and appellant shot him in the stomach. Appellant then took the gun and left with the two women. Raymond died as a result of the shooting.

Article 1.15 of the Texas Code of Criminal Procedure states that when a defendant waives his right to a jury trial and enters a plea, the State must "introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as a basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same." Although appellant signed a judicial confession and an agreement to stipulate evidence which were filed and approved by the court, this evidence was not formally introduced at the plea hearing.

1. This panel consists of justices sitting by assignment.

Appellant argues that because the State failed to introduce sufficient evidence to support the judgment, he is entitled to a new trial.

We have no jurisdiction to review whether the evidence in this case was factually or legally sufficient to support the trial court's judgment because appellant has waived the alleged error. When a defendant enters a knowing and voluntary guilty plea without benefit of an agreed recommendation as to punishment, he waives all nonjurisdictional defects occurring *prior to* entry of the plea. *Jack v. State,* 871 S.W.2d 741, 742–44 (Tex.Crim.App.1994). The sufficiency of the evidence to support a conviction is a nonjurisdictional error. *Davis v. State,* 870 S.W.2d 43, 47 (Tex.Crim.App.1994). Thus, the relevant issue here is whether the alleged error occurred prior to or after the entry of the plea.

In this case the transcript contains a copy of appellant's judicial confession which was filed and accepted by the trial court. The statement of facts from the plea proceeding indicates that the judge had the judicial confession in front of her *prior to* the entry of appellant's plea. The judge specifically referenced the document when she directed the following statements to appellant: "You signed here on the bottom of page 1. By signing this, you're telling me that you did indeed commit the offense of voluntary manslaughter, on August 18, 1994. Did you understand that?" Appellant's response was "Yes, ma'am." This exchange indicates that, although the judicial confession was not formally introduced and admitted into evidence, it clearly was filed with the papers of the case *before* appellant entered his plea. *Compare Richardson v. State,* 921 S.W.2d 359, 360–61 (Tex.App.—Houston [1st Dist.] 1996, no pet.). On these facts, a challenge to the sufficiency of the evidence is a defect occurring prior to the entry of appellant's plea that is nonjurisdictional in nature. As a result, we have no jurisdiction to address the alleged error. *Id.*

Nevertheless, we add that where the record indicates a judicial confession and agreement to stipulate evidence were filed and approved by the trial court and relied upon by the court in its acceptance of the defendant's plea, those documents constitute sufficient evidence to sustain the plea whether properly introduced into evidence or not. *See Rexford v. State,* 818 S.W.2d 494, 495–96 (Tex.App.—Houston [1st Dist.] 1991, pet. ref'd). Accordingly, appellant's first and second points of error are overruled.

We affirm the judgment of the trial court.