98-00990 & 00991 Valero v State of Texas.wpd



Nos. 04-98-00990-CR & 04-98-00991-CR


Juan VALERO,


Appellant


v.


The STATE of Texas,


Appellee


From the 226th Judicial District Court, Bexar County, Texas


Trial Court Nos. 97CR1288 & 97CR1328


Honorable Sid L. Harle, Judge Presiding


Opinion by: Phil Hardberger, Chief Justice

Sitting: Phil Hardberger, Chief Justice

 Tom Rickhoff, Justice

 Alma L. López, Justice

 

Delivered and Filed: September 1, 1999

AFFIRMED

 Juan Valero appeals his convictions for robbery and aggravated robbery. In his sole point
of error, Valero asserts that the trial court erred in accepting his pleas of guilty because there was no
evidence admitted by the trial judge to support the guilty pleas.(1) Valero admits that the State offered
his written stipulation and judicial confession as evidence at the plea hearing; however, Valero
contends that since the exhibit was not admitted into evidence, it cannot be considered as evidence
in support of his pleas. We disagree. 

 "[W]here the record indicates a judicial confession and agreement to stipulate evidence were
filed and approved by the trial court and relied upon by the court in its acceptance of the defendant's
plea, those documents constitute sufficient evidence to sustain the plea whether properly introduced
into evidence or not." Palacios v. State, 942 S.W.2d 748, 750 (Tex. App.--Houston [14th Dist.]
1997, pet. ref'd); see also Lara v. State, 962 S.W.2d 148, 150 & n.2 (Tex. App.--San Antonio 1998,
no pet.) (noting that if reporter's record shows trial court considered stipulations, stipulations can
be considered as evidence). In this case, Valero's stipulations and judicial confessions were filed
and approved by the trial court and relied upon by the court in its acceptance of Valero's guilty pleas.
This evidence was, therefore, sufficient evidence to sustain Valero's pleas, and the trial court's
judgments are affirmed.


 PHIL HARDBERGER, 

 CHIEF JUSTICE


DO NOT PUBLISH


1. We note that we have jurisdiction to consider this issue because the trial court granted permission to appeal.
Tex. R. App. P. 25.2(b)(3).