Affirmed and Memorandum Opinion filed December 16, 2008









 Affirmed and Memorandum Opinion filed December 16, 2008.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-08-00048-CR

NO. 14-08-00049-CR

____________

 

MARCUS TREMAINE
ALLEN,
Appellant

 

v.

 

THE STATE OF TEXAS
, Appellee

 



 

On Appeal from the 180th
District Court

Harris County, Texas

Trial Court Cause Nos.
1075477 & 1079267

 



 

M E M O R A N D U M   O P I N I O N








Appellant, Marcus Allen, was charged by
indictment with possession of a controlled substance with intent to deliver,
and unlawful possession of a weapon by a felon. 
Appellant filed a motion to suppress evidence in each case alleging he
was arrested without probable cause. 
Both motions were denied. 
Appellant then pled Aguilty@ to both charges
without an agreed recommendation as to punishment.  He was sentenced to 15 years= confinement for
possession of a controlled substance and 10 years for possession of a weapon by
a felon.  On appeal, appellant contends,
without a reporter=s record, the trial court erred in denying
his motions to suppress evidence. 
Appellant further challenges the legal and factual sufficiency of the
evidence supporting his convictions.  We
affirm.  

Motions to
Suppress

Appellant first contends the trial court
erred in denying his motions to suppress because there was no probable cause to
arrest him.  We review a trial court=s ruling on a
motion to suppress under a bifurcated standard of review, giving almost total
deference to the trial court=s findings of
historical fact supported by the record and reviewing de novo mixed
questions of law and fact not turning on an evaluation of credibility and
demeanor.  Guzman v. State, 955
S.W.2d 85, 89 (Tex. Crim. App. 1997). 
The trial judge is the exclusive trier of fact and judge of the
credibility of the witnesses and the weight to be given to their testimony at
the suppression hearing.  State v.
Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).  As the trier of fact, the trial court is free
to believe or disbelieve all or any part of a witness=s testimony, even
if the testimony is uncontroverted.  Id.;
Marsh v. State, 140 S.W.3d 901, 905 (Tex. App.CHouston [14th
Dist] 2004, pet. ref=d). 
In reviewing a trial court=s ruling on a
motion to suppress, we must view the evidence in the light most favorable to
the trial court=s ruling. 
State v. Kelly, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006).   If the trial court=s ruling is
reasonably supported by the record and is correct under any theory of the law
applicable to the case, the reviewing court will sustain it upon review.  Villarreal v. State, 935 S.W.2d 134,
138 (Tex. Crim. App. 1996).  

According to the trial court=s docket, a court
reporter was present at both hearings on the motions to suppress.  However, the reporter=s record is not
before this court.  Appellant asks this
court to determine whether the trial court abused discretion based solely on
the clerk=s record. The absence of a reporter=s record is fatal
to appellant=s contention that the trial court abused
its discretion in denying his motions to suppress, because the clerk=s record alone
does not show an abuse of discretion.  See
Portillo v. State, 117 S.W.3d 924, 929 (Tex. App.CHouston [14th
Dist.] 2003, no pet.).  








Appellant timely filed a notice of appeal
in each case on January 4, 2008.  The
clerk=s record in each
case was filed on January 31, 2008.  On
February 6, 2008, letters were filed by the court reporter indicating that a
reporter=s record existed
in each case.  We notified the court
reporter that the records would be due on February 11, 2008.  We then sent a letter to the reporter and to
appellant=s counsel on February 22, 2008, stating
that the reporter=s records had not been filed and ordered
that they be produced by March 10, 2008. 
In response to our letter, the court reporter explained that appellant
had not made arrangements for payment of the records and that appellant was not
appealing as indigent.  Appellant did not
file a response.  Thus, on March 20,
2008, we issued an order requiring appellant to file a brief by April 9, 2008.

 When, as here, an issue on appeal involves
matters omitted from the record due to the appellant=s failure to
request or pay for the record, then the appellant=s actions will
prevent us from adequately addressing the dispute.  Perez v. State, 261 S.W.3d 760, 764
(Tex. App.CHouston [14th Dist.] 2008, no pet.).  Appellant has effectively waived any
complaint on these issues.  See id.  Although the court reporter is responsible
for preparing, certifying, and timely filing the reporter=s record, that
responsibility is conditioned upon the appellant=s filing a notice
of appeal, requesting that the reporter=s record be
prepared, and paying for the reporter=s record.  Tex. R. App. P. 35.3(b); Portillo, 117
S.W.3d at 929; In re Marriage of Spiegel, 6 S.W.3d 643, 646 (Tex. App.CAmarillo 1999, no
pet.).  The Rules of Appellate Procedure
provide:

[I]f the clerk=s record has been filed, the
appellate court may B after first giving the appellant
notice and a reasonable opportunity to cure B consider and decide those issues or points that do not
require a reporter=s record for a decision.  The court may do this if no reporter=s record has been filed because:
(1) the appellant failed to request a reporter=s record; or (2) (A) appellant
failed to pay or make arrangements to pay the reporter=s fee to prepare the reporter=s record; and (B) the appellant is
not entitled to proceed without payment of costs.

 








Tex. R. App. P. 37.3(c).  Because appellant has failed to provide a
reporter=s record, and we
have supplied ample opportunity to do so, we must determine whether the issues
presented by appellant may be decided without a reporter=s record.  See id.; Portillo, 117 S.W.3d
at 929.

Whether the trial court abused its
discretion in denying appellant=s motions to
suppress the evidence arising out of appellant=s arrest is
dependent upon the evidence presented during the motion to suppress
hearing.  See Portillo, 117 S.W.3d
at 929.  The evidence would exist only in
the reporter=s record, not the clerk=s record.  See id.  Thus, the clerk=s record alone
cannot provide the basis for our resolution of appellant=s assertion of
error.  See id.  We must review the reporter=s record to
determine whether the trial court=s decision
constituted an abuse of discretion.  Id.  Because the reporter=s record is not
available for our review, appellant cannot point to anything in that record
that demonstrates the trial court=s denial of his
motion was outside the realm of reasonableness. 
See Narvaiz v. State, 840 S.W.2d 415, 428 (Tex. Crim. App.
1992).  Thus, we overrule appellant=s first issue.

Legal and Factual
Sufficiency 

In his second issue, appellant challenges
the legal and factual sufficiency of the evidence supporting his
convictions.  The Texas Code of Criminal
Procedure requires the State to offer sufficient proof to support any judgment
based on a Aguilty@ plea in a felony
case tried to the court.[1]  Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon 2005); Keller v.
State, 125 S.W.3d 600, 604 (Tex. App.CHouston [1st
Dist.] 2003, pet. dism=d). 
The State must Aintroduce evidence into the record showing
the guilt of the defendant and said evidence shall be accepted by the court as
the basis for its judgment and in no event shall a person charged be convicted
upon his plea without sufficient evidence to support the same.@  Tex. Code Crim. Proc. Ann. Art. 1.15 (Vernon 2005).  








Reviewing the sufficiency of the evidence
to support a judgment under article 1.15 upon a plea of guilty or nolo
contendere, however, requires that we apply a different standard of review than
we employ when reviewing legal sufficiency and factual sufficiency for
convictions that follow a Aguilty@ plea.  Keller, 125 S.W.3d at 604B05 (citing Jackson
v. Virginia, 443 U.S. 307, 318B19 (1979); Johnson
v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000)).  Legal-sufficiency-review analysis under Jackson
is appropriate only when the federal constitution places the burden on the
prosecution to establish guilt beyond a reasonable doubt.  Keller, 125 S.W.3d at 605 (citing Ex
Parte Williams, 703 S.W.2d 674, 678 (Tex. Crim. App. 1986)).  The Jackson standard does not apply
when a defendant knowingly, intelligently, and voluntarily enters a Aguilty@ plea, and there
is no federal constitutional requirement that a Aguilty@ plea in a state
criminal prosecution must be corroborated by evidence of guilt.  Id. 









When a defendant enters a knowing and
voluntary guilty plea without benefit of an agreed recommendation as to
punishment, he waives all nonjurisdictional defects occurring prior to entry of
the plea.  Palacios, 942 S.W.2d at
750 (citing Jack v. State, 871 S.W.2d 741, 742B44 (Tex. Crim.
App. 1994)); Keller, 125 S.W.3d at 605. 
Moreover, the sufficiency of the evidence to support a conviction is a
nonjurisdictional issue.  Palacios v.
State, 942 S.W.2d 748, 750 (Tex. App.CHouston [14t
Dist.] 1997, pet. ref=d) (citing Davis v. State, 870
S.W.2d 43, 47 (Tex. Crim. App. 1994)). 
Further, appellant=s written judicial confession, standing
alone, is sufficient to sustain his conviction upon his plea of guilty, and it
also satisfies the requirements of article 1.15 of the Code of Criminal
Procedure.  Tex. Code Crim. Proc. Ann.
art. 1.15 (Vernon 2005);[2]
Dinnery v. State, 592 S.W.2d 343, 353 (Tex. Crim. App. 1979); Stewart
v. State, 12 S.W.3d 146, 148 (Tex. App.CHouston [1st
Dist.] 2000, no pet.).  Both Aguilty@ pleas contained
in the clerk=s record state that they were entered in
open court, and that appellant waived the right to trial by jury.  He also waived the appearance, confrontation
and cross-examination of witnesses, and the right against self-incrimination.  Finally, he confessed to the acts
alleged.  Accordingly, we overrule
appellant=s arguments challenging the legal and
factual sufficiency of the evidence. 

Conclusion

We conclude that appellant=s failure to
complete the record before this court waived his complaint regarding the trial
court=s denial of the
motions to suppress.  Appellant also
waived his challenge to the sufficiency of the evidence when he entered a Aguilty@ plea in each
case.  Thus, the judgments of the trial
court are affirmed.                                                              

 

 

 

/s/      J. Harvey Hudson

Senior Justice

 

 

Judgment rendered and Memorandum Opinion issued December
16, 2008.

Panel consists of Justices Anderson and Frost, and Senior
Justice Hudson.*

Do Not Publish C Tex. R. App. P. 47.2(b).

 











[1]  Pleas of
guilty to a jury are treated differently. 
See Keller
v. State, 125
S.W.3d 600, 604 n.1 (Tex. App.CHouston [1st Dist.] 2003, pet. dism=d). 






[2]  Article 1.15
provides, in part, as follows:

No person can be convicted of a felony except upon the
verdict of a jury duly rendered and recorded, unless the defendant, upon
entering a plea, has in open court in person waived his right of trial by jury
in writing . . . provided, however, that it shall be necessary for the state to
introduce evidence into the record showing the guilt of the defendant and said
evidence shall be accepted by the court as the basis for its judgment . . . .
The evidence may be stipulated if the defendant in such case consents in
writing, in open court, to waive the appearance, confrontation, and
cross-examination of witnesses, and further consents either to an oral
stipulation of the evidence and testimony or to the introduction of testimony
by affidavits, written statements of witnesses, and any other documentary
evidence in support of the judgment of the court . . . . 

Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon 2005). 





*  Senior Justice
J. Harvey Hudson sitting by assignment.