Affirmed and Memorandum Opinion filed March 31, 2009








Affirmed and Memorandum Opinion filed March 31, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-08-00008-CR

_______________

 

MARK ANTHONY JONES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                      
                                         

On Appeal from the 232nd District Court

Harris County, Texas

Trial Court Cause No. 1099749

                                                                                                              
                                 

 

M E M O R A N D U M  O P I N I O N

Appellant,
Mark Jones, pleaded guilty to the offense of aggregate theft of more than two
hundred thousand dollars.  The trial court found appellant guilty and assessed
punishment at twenty-five years= confinement.  In two issues, appellant contends (1) the
trial court violated appellant=s rights under the United States and Texas constitutions by
accepting his guilty plea when it was not supported by sufficient evidence and
(2) appellant received ineffective assistance of counsel.  Because all
dispositive issues are settled in law, we issue this memorandum opinion and
affirm.  See Tex. R. App. P. 47.4.

 








I.  Background 

The
State charged appellant with theft.  Appellant pleaded guilty without a
recommendation on punishment.  On July 20, 2007, the trial court conducted a
hearing on appellant=s plea.  After hearing appellant=s and the State=s explanations of the circumstances
of the offense, the trial court stated it found sufficient evidence to convict
appellant, but made no formal findings.  The trial court deferred a
determination on punishment until after preparation of a presentence
investigation report and a sentencing hearing.

On
October 5, 2007, the trial court conducted a sentencing hearing.  At the outset
of the hearing, appellant moved to withdraw his guilty plea.  The trial court
denied the motion.  After hearing evidence on punishment, the trial court
sentenced appellant to twenty-five years= confinement.

II.  Discussion

A.  Sufficiency of the Evidence
to Support Appellant=s Guilty Plea








In his
first issue, appellant contends the trial court violated appellant=s rights under the United States and
Texas constitutions by accepting his guilty plea when it was not supported by
sufficient evidence.[1]  Although
appellant asserts the trial court violated his constitutional rights by
accepting his guilty plea without sufficient supporting evidence, he fails to
identify the constitutional rights purportedly violated.  See Tex. R.
App. P. 38.1(h) (providing appellant=s brief must contain arguments for
contentions made, with appropriate citation to authority and record). 
Appellant also did not argue to the trial court that acceptance of his guilty
plea violated any constitutional rights.  Even constitutional errors may be
waived by failure to object at trial.  Broxton v. State, 909 S.W.2d 912,
918 (Tex. Crim. App. 1995).  In sum, appellant has failed to preserve any
complaint that the trial court violated his constitutional rights by accepting
his plea.  See Tex. R.
App. P. 33.1(a) (providing, to preserve error for appeal, the record must show
that a party made a timely and specific objection to the trial court). 
Additionally, there is no federal constitutional requirement that evidence of
guilt must be offered to corroborate a guilty or nolo contendere plea in a
state criminal prosecution.  Ex parte Williams, 703 S.W.2d 674, 682
(Tex. Crim. App. 1986).

Appellant
does, however, argue there was insufficient evidence in the record to support
his guilty plea as required by article 1.15 of the Texas Code of Criminal
Procedure.  Under article 1.15, when a defendant pleads guilty, the State must Aintroduce evidence into the record
showing the guilt of the defendant and said evidence shall be accepted by the
court as the basis for its judgment and in no event shall a person charged be
convicted upon his plea without sufficient evidence to support the same.@  Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon 2005).  The
supporting evidence must embrace every essential element of the charged
offense.  See Stone v. State, 919 S.W.2d 424, 427 (Tex. Crim. App.
1996).  The Jackson v. Virginia standard, however, does not apply to our
review of the legal sufficiency of this evidence.  Keller v. State, 125
S.W.3d 600, 604B05 & 604 n.2 (Tex. App.CHouston [1st Dist.] 2003) (citing Jackson
v. Virginia, 443 U.S. 307, 318B19 (1979)), pet. dism=d, improvidently granted, 146 S.W.3d 677 (Tex. 2004) (per
curiam). 








Appellant
was charged with aggregate theft.  A person commits theft Aif he unlawfully appropriates
property with intent to deprive the owner of property.@  Tex. Penal Code Ann. ' 31.03(a) (Vernon Supp. 2008).  AAppropriation of property is unlawful
if . . . it is without the owner=s effective consent@ or if the property is stolen and the
actor appropriates it knowing another person stole it.  Id. (b)(1),
(2).  AConsent is not effective if . . .
induced by force, threat, or fraud.@  Id. ' 1.07(a)(19)(A).  Appellant contends
the State failed to present evidence supporting every element of this offense.

Appellant,
however, signed a AWaiver of Constitutional Rights, Agreement to Stipulate, and
Judicial Confession,@ in which he acknowledged, in pertinent part:

The charges
against me allege that in Harris County, Texas, [appellant], heretofore on or
about VARIOUS DATES BETWEEN OCTOBER 29, 2001 THRU [sic] JULY 10, 2003,
did then and there unlawfully, pursuant to one scheme and continuing course of
conduct, appropriate, by acquiring and otherwise exercising control over
property, namely, money, owned by one or more of the below named complainants,
with the intent to deprive one or more of the below named complainants of said
property and the total value of the property appropriated from one or more of
the below named complainants was two hundred thousand dollars or more.

[Listing twenty-three complainants]

. . . 

I understand the above allegations
and I confess that they are true and that the acts alleged above were committed
on various dates between Oct. 29, 2001 thru [sic] July 10, 2003.








At the
plea hearing, appellant confirmed he understood this document and executed it
of his own free will.  Because this judicial confession encompassed all elements
of theft, it could suffice to support appellant=s guilty plea.  See Dinnery
v. State, 592 S.W.2d 343, 353 (Tex. Crim. App. 1980) (op. on reh=g) (stating, it is well settled a judicial
confession, standing alone, is sufficient to sustain conviction on guilty
plea); Breaux v. State, 16 S.W.3d 854, 856 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d) (AA judicial confession alone is
sufficient to support a guilty plea.@).  When, as here, the record
indicates that a judicial confession and agreement to stipulate evidence were
filed and approved by the trial court and relied on by the court in its
acceptance of the defendant=s plea, those documents constitute sufficient evidence to
sustain the plea whether properly introduced into evidence or not.  Palacios
v. State, 942 S.W.2d 748, 750 (Tex. App.CHouston [14th Dist.] 1997, pet. ref=d).

We
conclude there was sufficient evidence in the record to support appellant=s guilty plea as required by article
1.15 of the Texas Code of Criminal Procedure.  Accordingly, we overrule
appellant=s first issue.

B.  Alleged
Ineffective Assistance of Counsel

In his second
issue, appellant contends his trial counsel provided ineffective assistance by
(1) not conducting a reasonable investigation, (2) giving incorrect legal
advice, (3) not conducting an independent investigation, and (4) not filing any
motions on appellant=s behalf.  To prevail on an ineffective assistance claim,
appellant must prove by a preponderance of the evidence that (1) counsel=s performance was so deficient as to
fall below an objective standard of reasonableness; and (2) there is a
reasonable probability that, but for counsel=s unprofessional errors, the result
of the proceeding would have been different.  Thompson v. State, 9 S.W.3d 808, 812B13 (Tex. Crim.
App. 1999); see Strickland v. Washington, 466 U.S. 668, 687B88, 694 (1984). To
defeat the presumption of reasonable professional assistance, any allegation of
ineffective assistance must be firmly founded in the record and the record must
affirmatively demonstrate the ineffective assistance. Thompson, 9 S.W.3d at 814.








The Strickland v. Washington standard applies to challenges to
guilty pleas.  Hill v. Lockhart, 474 U.S. 52, 58 (1985).  To satisfy the second prong of
the test enunciated in Strickland v. Washington, appellant must show there is a reasonable
probability that, but for counsel=s errors, he would
not have pleaded guilty, but would instead have insisted on going to trial.  Id.
at 59.  If appellant has not met the second prong, we may resolve the issue on
that ground and need not address counsel=s performance.  Strickland v.
Washington, 466 U.S. at 697.

Although
appellant requested the court to permit him to withdraw his plea, he did not
testify at the hearing on the motion for new trial.  He also did not submit an
affidavit or declaration setting forth any nexus between counsel=s representation and his desire to
withdraw his plea.  Appellant has not met his burden of establishing
prejudice.  See Munoz v. State, 840 S.W.2d 69, 75 (Tex. App.CCorpus Christi 1992, pet. ref=d) (holding same when neither
appellant nor trial counsel testified at hearing on motion for new trial).

Neither
has appellant established counsel provided less than reasonable professional
assistance.  In assessing appellant=s claims, we apply a strong
presumption trial counsel was competent.  See Thompson, 9 S.W.3d at 813.
We presume trial counsel=s actions and decisions were reasonably professional and were
motivated by sound trial strategy unless appellant rebuts that presumption. See
id. at 813B14; Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). 
Courts have never interpreted this standard to mean the accused is entitled to
errorless or perfect counsel.  Ex parte Welborn, 785 S.W.2d 391, 393
(Tex. Crim. App. 1990). When reviewing a claim of ineffective assistance, we
look to the totality of the representation.  See Thompson, 9 S.W.3d at
813.

Appellant
complains counsel did not perform an adequate investigation or an independent
investigation.  The record does not support these allegations.  Appellant=s attorney, Lori Gray, testified she
met with appellant several times, went to the district attorney=s office on numerous occasions to
review the State=s file, which comprised sixty-five boxes of materials, and
did not rely entirely on those files, but conducted her own investigation.  In
the course of her own investigation, each of the experts she consulted
expressed concerns about the bank records appellant provided.








Appellant
also complains Gray gave incorrect legal advice, a complaint he ties to her not
having filed a motion to quash the indictment.  He contends, had Gray filed a
motion to quash, the State would have been forced to chose between whether
appellant appropriated the money by deception or by taking the money knowing it
was stolen.  Again, the record does not support appellant=s contentions.

Gray
testified that, based on her defense of appellant in a civil case brought by
one of the complainants in the present case, she knew the criminal charge
involved theft by deception.  The presentence investigation report confirms her
evaluation.  Gray testified she did not file a motion to quash because she fully
understood the charge and was satisfied with the notice provided in the
indictment.

Finally,
to the extent appellant may be claiming Gray=s incorrect advice consisted of  her
advising him to plead guilty, such a claim is contrary to Gray=s testimony.  Gray testified she did
not instruct appellant to plead guilty, but only presented his options and
allowed him to chose how he wanted to proceed.  Gray also explained to
appellant the inconsistencies her experts had found in appellant=s accounts and the problems those
might present for appellant.

Appellant
has not proved by a preponderance of the evidence deficient performance or
prejudice in relation to counsel=s representation.  We therefore
overrule his second issue.

III.  Conclusion

Having overruled appellant=s two issues, we affirm the judgment of the trial
court.

 

 

 

 

/s/        Charles W. Seymore

Justice

 

 

Panel
consists of Justices Yates, Seymore, and Boyce.

Do
Not Publish C Tex. R. App.
P. 47.2(b).









[1]  Under this heading, appellant also argues (1) the
indictment was Adefective and insufficient@ and (2) the trial court Acommitted reversible error in not allowing [appellant]
to withdraw his plea.@  An issue that contains more than one specific ground
of error is a multifarious issue, and we may refuse to consider it.  See,
e.g.,  Marcum v. State, 983 S.W.2d 762, 767 n.1 (Tex. App.CHouston [14th Dist.] 1998, pet. ref=d).  Nevertheless, we may consider multifarious issues
if we can determine, with reasonable certainty, the alleged error about which
the complaint is made.  McCain v. State, 995 S.W.2d 229, 243 n.7 (Tex.
App.CHouston [14th Dist.] 1999, pet. ref=d, untimely filed).  We hold appellant has forfeited
his complaint regarding any alleged deficiency in the indictment by not raising
that issue until after he entered his guilty plea.  See Teal v. State,
230 S.W.3d 172, 176B78 (Tex. Crim. App. 2007) (holding defendant must
object to any error in indictment before trial).  We further hold that, given
the almost two and one-half months that elapsed between the time the court took
the case under advisement and the defendant=s
request to withdraw his pleaCmade moments
before the trial court assessed punishmentCthe
trial court did not abuse its discretion in denying appellant=s request.  See Stone v. State, 951 S.W.2d 205,
207 (Tex. App.CHouston [14th Dist.] 1997, no pet.).