Affirmed and Memorandum Opinion filed July 9, 2009








Affirmed and Memorandum Opinion filed July 9, 2009.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00574-CR

____________

 

DATRICK WASHINGTON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 149th
District Court

Brazoria County, Texas

Trial Court Cause No. 55,136

 



 

M E M O R A N D U M   O P I N I O N

Appellant Datrick Washington pleaded Aguilty@ to three counts
of robbery and one count of theft.  On appeal he challenges the legal and
factual sufficiency of the evidence to support the judgment and claims the
trial court committed reversible error in not permitting him to introduce
evidence in the punishment phase of trial.  We affirm.

I.  Factual and Procedural Background








Appellant was charged by indictment with three counts of
robbery and one count of theft stemming from an incident in which appellant and
another person robbed a bank.  Appellant executed two sworn documents, one
pertaining to the three counts of robbery and a second pertaining to the theft
charge, each entitled ADefendant=s Affidavit of
Admonitions, Waivers, Judicial Confession, Statements, Plea, Probation and
AppealBFelony Less Than
Capital.@  In these
documents, appellant judicially confessed Ato the allegations
and facts contained in the indictment herein which has been read and explained
to me and agree and stipulate that the allegations and facts are true and
correct and constitute evidence in this case.@  

At a plea hearing, appellant pleaded Aguilty@ to the
allegations contained within the indictment without an agreed recommendation as
to punishment.  Appellant responded affirmatively when the trial judge asked
him, ADo you admit and
judicially confess to the allegations and facts contained in the indictment,
which has been read and explained to you by [appellant=s trial counsel];
and do you agree and stipulate that the allegations and facts are true and
correct and constitute evidence in this case?@  At the hearing,
the State tendered three exhibits: (1) State=s Exhibit 1, the
indictment outlining each of the charged offenses; (2) State=s Exhibits 2A and
2B, two documents entitled ADefendant=s Affidavit of
Admonitions, Waivers, Judicial Confession, Statements, Plea, Probation and
AppealBFelony Less Than
Capital@; and (3) State=s Exhibit 3, an
offense report, with an offer to stipulate that if the witnesses were called
they would testify substantially in accordance with the contents of the
documents within the offense report.  Appellant did not object to the proffered
evidence and agreed to the stipulation.  The trial judge found appellant guilty
and then reset the case for a pre-sentence investigation report.  

At appellant=s sentencing
hearing, after reviewing the pre-sentence investigation report and having
previously found appellant guilty, the trial judge inquired, ASo, does anyone
have a good cause why I should not sentence at this time?@  Neither party
objected or requested to offer evidence.  The trial judge assessed punishment
at eighteen years= confinement for each of the charged
offenses and ordered the sentences to run concurrently.

 








II.  Issues and Analysis

A.      Is the
evidence sufficient to support appellant=s convictions?

In his first two issues, which we will address together,
appellant challenges the legal and factual sufficiency of the evidence to
support the trial court=s finding of guilt on the robbery and
theft charges.

In a non-capital felony case, in which an appellant enters
a Aguilty@ plea before the
trial court,[1]
the State, under article 1.15 of the Texas Code of Criminal Procedure, is
required to Aintroduce evidence into the record showing the guilt
of the defendant and said evidence shall be accepted by the court as the basis
for its judgment and in no event shall a person charged be convicted upon his
plea without sufficient evidence to support the same.@  Tex. Code Crim. Proc. Ann. art. 1.15
(Vernon 2005); Keller v. State, 125 S.W.3d 600, 604 (Tex. App.CHouston [1st
Dist.] 2003, pet. dism=d). 








Although appellant asks this court to review the
sufficiency of the evidence under the well-known standards of review for legal
and factual sufficiency, a sufficiency review of the evidence supporting a
judgment under article 1.15, upon a plea of Aguilty@ or Anolo contendere,@ requires
application of a different standard of review.  See Keller, 125 S.W.3d
at 604B05 (citing Jackson
v. Virginia, 443 U.S. 307, 318B19, 99 S. Ct.
2781, 2789, 61 L. Ed. 2d 560 (1979) for legal sufficiency standard of review); see
also Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000) (reviewing
factual sufficiency standard of review).  A legal-sufficiency analysis under Jackson
is appropriate only when the federal constitution requires the State to prove
guilt beyond a reasonable doubt.  Keller, 125 S.W.3d at 605.  When, as
in this case, a defendant knowingly, intelligently, and voluntarily enters a Aguilty@ plea, the
legal-sufficiency standard as set forth in Jackson does not apply
because there is no constitutional requirement that a Aguilty@ plea in a state
criminal prosecution be corroborated by evidence of guilt.  Id.  

Likewise, when, as in this case, a defendant enters a
knowing and voluntary Aguilty@ plea without the
benefit of an agreed recommendation as to punishment, the defendant waives all
nonjurisdictional defects that occurred prior to entry of the Aguilty@ plea.  Id.;
Palacios v. State, 942 S.W.2d 748, 750 (Tex. App.CHouston [14th
Dist.] 1997, pet. ref=d).  The sufficiency of the evidence to
support a conviction is a nonjurisdictional issue.  Palacios, 942 S.W.2d
at 750.  Therefore, appellant has waived the right to challenge the legal and
factual sufficiency of the evidence.  See Keller, 125 S.W.3d at 605.  Consequently,
a Asufficiency@ review of
appellant=s felony Aguilty@ plea to the court
is confined to a determination of whether sufficient evidence supports the
judgment of guilt under article 1.15.  See Tex. Code Crim. Proc. Ann. art. 1.15; Keller, 125
S.W.3d at 605.  Under article 1.15, evidence is sufficient if it embraces every
essential element of the offense charged and establishes the defendant=s guilt.  See
Breaux v. State, 16 S.W.3d 854, 857 & n.2 (Tex. App.CHouston [14th
Dist.] 2000, pet. ref=d) (providing that a judicial confession
containing a Acatch-all@ phrase that the
defendant is guilty Aas charged in the indictment@ is sufficient to
support a conviction even if an element of the offense was omitted).  








Appellant complains that the State presented no witnesses
at the plea hearing and that State=s Exhibit 3, the
offense report, consisted of Aunsubstantiated claims and rank hearsay,
not supported by the evidence.@  However, a defendant=s judicial
confession, standing alone, is sufficient to sustain a conviction based upon a
plea of Aguilty@ and satisfies the
requirements of article 1.15.  See Tex.
Code Crim. Proc. Ann. art. 1.15; Pitts v. State, 916 S.W.2d 507,
510 (Tex. Crim. App. 1996); Keller, 125 S.W.3d at 605.  As reflected in
the record, in open court, appellant judicially confessed to the allegations
and facts contained in the indictment by responding affirmatively to the trial
judge=s question in the matters. 
He stipulated to and agreed that the allegations and facts within the
indictment were true and correct and constitute evidence.  This stipulation
alone was sufficient to support a determination of appellant=s guilt.  See
Scott v. State, 945 S.W.2d 347, 348 (Tex. App.CHouston [1st
Dist.] 1997, no pet.).  The record reflects that appellant freely,
intentionally, knowingly, and voluntarily confessed to the charged offenses; appellant
has not raised any issues as to the voluntariness of his pleas.  See Keller,
125 S.W.3d at 605.  Furthermore, as evidence, the State tendered
the two sworn documents in which appellant Ajudicially
confess[ed] to the allegations and facts contained in the indictment@ and stipulated
that Athe allegations
and facts are true and correct and constitute evidence in this case.@  See Keller,
125 S.W.3d at 605 (providing that a judicial confession is sufficient to
support a conviction under article 1.15).

Appellant did not object to any of the proffered evidence
and agreed to the State=s stipulation pertaining to the offense
report.  See Tex. R. App. P.
33.1(a) (requiring a party to make a timely request, objection, or motion with
sufficient specificity to apprise the trial court of the complaint).  We
conclude that, under article 1.15 of the Texas Code of Criminal Procedure,
appellant=s stipulation of guilt and oral and written judicial
confessions are sufficient evidence to support the judgment.  See Keller,
125 S.W.3d at 605; Scott, 945 S.W.2d at 348; see also Tex. Code Crim. Proc. Ann. art. 1.15. 
Therefore, we overrule appellant=s first and second
issues.

B.      Did the trial court commit
reversible error when it allegedly failed to permit appellant an opportunity to
present evidence at the punishment phase of trial?

In his third issue, appellant asserts that the trial court
did not permit him to present evidence at the punishment phase of trial. 
Appellant contends that, as a result, article 37.07, section 3(a) of the Texas
Code of Criminal Procedure applied to him and unconstitutionally violated his
Fifth Amendment rights to due process.  The record reflects that the trial
judge posed the following question to the parties:  ASo, does anyone
have a good cause why I should not sentence at this time?@  Neither party
objected and neither party elected to present evidence before the trial court
assessed appellant=s sentences.








To preserve a complaint for appellate review, a party must
make a timely request, objection, or motion with sufficient specificity to
apprise the trial court of the complaint.  Tex.
R. App. P. 33.1(a); Saldano v. State, 70 S.W.3d 873, 886B87 (Tex. Crim.
App. 2002).  Appellant has not cited and we have not found any place in the
appellate record showing that appellant voiced any objection or otherwise
raised this issue in the trial court.  With few exceptions, not applicable in
this case, even constitutional complaints may be waived by the failure to raise
a timely objection in the trial court.  See Rogers v. State, 640
S.W.2d 248, 264B65 (Tex. Crim. App. 1982) (op. on second
motion for reh=g).  Having failed to object to the trial court=s procedures and
its assessments of punishment, appellant may not now complain that the
punishment procedure violated his constitutional rights.  See id. (holding
that failure to make a due-process objection to punishment procedure waived
complaint when appellant=s trial counsel failed to object or offer
evidence when trial judge asked, AIs there any
reason why sentence should not be pronounced at this time?@).  Therefore, we
overrule appellant=s third issue.

Having overruled each of appellant=s issues, we
affirm the trial court=s judgment.

 

 

 

 

 

/s/      Kem Thompson Frost

Justice

 

 

Panel consists of
Chief Justice Hedges, and Justices Yates and Frost.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  AGuilty@ pleas before a jury are treated differently.  See
Keller v. State, 125 S.W.3d 600, 604 n.1 (Tex. App.CHouston [1st Dist.] 2003, pet. dism=d).