

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-18-00049-CR
_____

MICHAEL LOUIS VALLES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 100th District Court
Collingsworth County, Texas
Trial Court No. 3009; Honorable Stuart Messer, Presiding

October 11, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

In October 2017, pursuant to a plea bargain, Appellant, Michael Louis Valles, was granted deferred adjudication community supervision for ten years for arson,[1] enhanced by two prior felonies.[2] He was also assessed a $500 fine. Just two months later, the

---

[1] TEX. PENAL CODE ANN. § 28.02(a)(2)(A) (West 2011). The offense is a second degree felony, except that the offense is a first degree felony if it is shown that the property intended to be damaged or destroyed by the actor was a habitation. § 28.02(d)(2).

[2] TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2018). As discussed herein, Appellant's final conviction is reformed to reflect conviction of the offense of arson only, with no enhancements.

State moved to proceed with adjudication for multiple violations by Appellant of the conditions of community supervision.

At the hearing on the State's motion, the State waived numerous allegations on the record and proceeded with only two, to wit: (1) aggravated assault against a peace officer and (2) consumption of alcohol and methamphetamine. Appellant plead "not true" to both allegations and the hearing continued. At the conclusion of the hearing, the trial court found both allegations to be true, convicted Appellant of the offense of arson, and sentenced him to life in prison.

Appellant presents two issues on appeal. First, he concedes the trial court did not abuse its discretion in finding that he violated at least one condition of his community supervision. However, by his second issue, he maintains that imposition of a life sentence is disproportionate to the gravity of the offense. We reform the judgment to delete the fine imposed and the finding of an "enhanced" range of punishment and, as reformed, affirm.

BACKGROUND

Appellant has an extensive criminal background dating back to 1996. He served time in the penitentiary until his release in 2016. In July 2017, he was arrested for arson for what he claims was merely popping fireworks. But the indictment alleged that he attempted to burn down his brother's house by starting a fire or causing an explosion by shooting fireworks into the habitation with the knowledge that the habitation was within the city limits. He was granted deferred adjudication community supervision and agreed to abide by the terms thereof. In less than two months, he allegedly violated some of the

conditions of community supervision which resulted in the State's decision to proceed to adjudication.

Given Appellant's concession that the evidence supports adjudication on the arson charge and revocation of community supervision, we focus our analysis solely on Appellant's argument that his life sentence is grossly disproportionate to the offense.

PUNISHMENT

A sentence within the statutory range of punishment is not considered cruel, unusual, or excessive. *Winchester v. State*, 246 S.W.3d 386, 388 (Tex. App.—Amarillo 2008, pet. ref'd). That said, Texas courts recognize that a prohibition against disproportionate sentences survives under the federal constitution apart from any consideration whether the punishment assessed is within the statute's range. *Id.*

In *Solem v. Helm*, 463 U.S. 277, 292, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983), the Court developed a three-factor test to determine whether a sentence was disproportionate to the offense. Those factors were: (1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions. Eight years later, in *Harmelin v. Michigan*, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991), the Court revisited *Solem* and rejected its proportionality guarantee determining that the Eighth Amendment contained no such guarantee.

Following the *Harmelin* decision, the Fifth Circuit Court of Appeals concluded that disproportionality survived but *Solem* did not. *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992), *cert. denied*, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992). The Court adopted a modified *Solem* test requiring a reviewing court to first conduct a

threshold comparison of the gravity of the offense underlying the current conviction as well as the offenses underlying the prior convictions against the severity of the sentence. Only if the reviewing court infers the sentence is grossly disproportionate to the offenses should the court then consider the remaining criteria in the *Solem* test. *Id.*

We now turn to the gravity of Appellant's offenses. He was sentenced for the offense of arson, where it was shown that the property intended to be damaged or destroyed by Appellant was a habitation. As such, the offense was punishable as a first degree felony with a potential range of punishment of confinement for life or for any term of not more than 99 years or less than 5 years. TEX. PENAL CODE ANN. § 12.32(a) (West 2011). In addition to imprisonment, an individual adjudged guilty of a felony of the first degree may be punished by a fine not to exceed $10,000. § 12.32(b).

Although Appellant was not ultimately sentenced under a range of punishment provided by section 12.42(d) of the Texas Penal Code, the trial court was still able to consider his prior convictions in accessing an appropriate sentence under article 37.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (West Supp. 2018). This court has found that imposition of a life sentence under section 12.42(d) for a repeat offender does not constitute cruel and unusual punishment. *Winchester*, 246 S.W.3d at 391 (citing *Rummel v. Estelle*, 445 U.S. 263, 284-85, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980)). In such circumstances, an offender's sentence is "based not merely on that person's most recent offense but also on the propensities he has demonstrated over a period of time during which he has been convicted of and sentenced for other crimes." *Hicks v. State*, 15 S.W.3d 626, 632 (Tex. App.—Houston [14th Dist.] 2000 pet. ref'd). In reviewing whether an appellant's sentence is "grossly

disproportionate," we consider not only the present offenses but also an appellant's criminal history. *Winchester*, 246 S.W.3d at 390.

ANALYSIS

In addition to the arson charge for which Appellant was convicted, the trial court also heard evidence concerning a 1997 aggravated assault conviction (a second degree felony); § 22.02(b) (West 2011), and a 2011 kidnapping conviction (a third degree felony); § 20.03(c) (West 2011). In support of his disproportionality argument, Appellant asserts there was no evidence he started a fire or that an explosion occurred, and no one was harmed. He overlooks his signed *Stipulation of Evidence* to the arson charge, in which he judicially confessed that the facts of the arson charge were true and correct. *See Palacios v. State*, 942 S.W.2d 748, 750 (Tex. App.—Houston [14th Dist.] 1997, pet. ref'd) (holding that a stipulation of evidence filed and approved by the trial court and relied upon in accepting a guilty plea constitutes sufficient evidence to sustain the plea).

Additionally, several witnesses from the 100th District Community Supervision and Corrections Department testified to Appellant's criminal history in Texas as well as in Kansas and in Oklahoma. During cross-examination, Appellant was asked about his criminal history. He confirmed that on September 9, 1996, he had his first criminal charge for driving while intoxicated; February 23, 1997—an arrest for aggravated assault with a deadly weapon; July 31, 1997—an arrest in Oklahoma for felony burglary; September 15, 1997—an arrest for aggravated assault with a deadly weapon; and August 3, 1998—an arrest for failure to identify as a fugitive.

Appellant then served time in the penitentiary until 2008 and upon his release, his criminal conduct continued. On July 7, 2008, he was arrested in Lubbock but the charge

5

was dismissed. On March 6, 2010, he was arrested in Kansas for aggravated battery and aggravated endangerment of a child plus five or six other lesser charges, most of which were dismissed but he still served eighteen months in prison.

He served time in Texas until 2016, and on January 3, 2017, he was arrested in Oklahoma for failure to appear on an assault and battery charge with a dangerous weapon but was later exonerated. On February 20, 2017, he was arrested in Oklahoma for larceny and Appellant testified that charge was eventually dismissed. He was incarcerated from March through June 2017. One month later, he was arrested for the underlying arson charge.

One of the new offenses considered in revoking Appellant's community supervision was aggravated assault on a public servant. A Collingsworth County Sheriff's Deputy testified that while on patrol in full uniform and in a marked vehicle, he was dispatched to a call. When he arrived, he recognized Appellant who then fled on foot. The deputy again located him and testified that Appellant ran towards his vehicle and threw a "fairly good-sized rock" at him that caused a dent in the hood of his vehicle.

Regarding sentencing, the State argued for a life sentence because Appellant has "been a burden on every community he's lived in for the last 22 years." The evidence showed a criminal history dating back to 1996, including legal problems in Kansas and Oklahoma. Some of those offenses involved deadly weapons. Appellant asked for another chance at community supervision and an opportunity for a rehabilitation program for his drug addiction. In pronouncing sentence, the trial court observed that Appellant had not made any effort to abide by the laws of the State and had violated the conditions of his community supervision shortly after they were imposed.

We conclude that based on the evidence presented, the life sentence imposed by the trial court is not grossly disproportionate to the gravity of the double-enhanced arson offense of which he was convicted. Appellant's second issue is overruled.

REFORMATION OF JUDGMENT

This court has the power to modify the judgment of the court below to make the record speak the truth when we have the necessary information to do so. *See Ramirez v. State*, 336 S.W.3d 846, 852 (Tex. App.—Amarillo 2011, pet. ref'd) (citing *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993)). *See also Cobb v. State*, 95 S.W.3d 664, 668 (Tex. App.—Houston [1st Dist.] 2002, no pet.). The *Order of Deferred Adjudication* included a finding of "true" as to two enhancement allegations and the assessment of a $500 fine. The *Judgment Adjudicating Guilt* likewise reflects a finding of "true" as to two enhancement allegations and a fine of $500. However, because the minimum period of community supervision is the same as the minimum term of imprisonment applicable to the offense; TEX. CODE CRIM. PROC. ANN. art. 42A.053(d)(1), and because the minimum period of imprisonment for a double-enhanced felony offense is twenty-five years; TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2018), an order of deferred adjudication would not have been available with respect to this offense were it to be double-enhanced. Additionally, the presumption of regularity requires that we indulge every presumption in favor of the regularity of the plea proceedings and the trial court's order of deferred adjudication. *See Anthony v. State*, 494 S.W.3d 106, 108 (Tex. Crim. App. 2016). Accordingly, we conclude the trial court waived the enhancement allegations, causing the minimum period of punishment to fall within the available range of community supervision. Furthermore, during the oral pronouncement of Appellant's

sentence, the trial court did not pronounce a finding of true as to either of the enhancements, nor did he assess the fine of $500.

A fine is punishment; *Weir v. State*, 278 S.W.3d 364, 366 (Tex. Crim. App. 2009), and as such, it must be contained in the trial court's oral pronouncement of sentence in order to be included in the written judgment. When there is a conflict between the oral pronouncement and the written judgment, the oral pronouncement controls. *Burt v. State*, 445 S.W.3d 752, 757 (Tex. Crim. App. 2014). Additionally, when guilt is adjudicated, the judgment doing so sets aside the order deferring adjudication. *Alexander v. State*, 301 S.W.3d 361, 363 (Tex. App.—Fort Worth 2009, no pet.). Thus, the correct offense of conviction is arson only (without a finding of double-enhancement) and his sentence consists solely of incarceration (with no fine) and we reform the *Judgment Adjudicating Guilt* to so reflect. The trial court is ordered to enter a *Judgment Nunc Pro Tunc* to reflect these reformations and the trial court clerk is directed to provide the corrected judgment to the Institutional Division of the Texas Department of Criminal Justice.

CONCLUSION

As reformed, the trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.

8