PD-1196-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/12/2015 10:19:04 AM
Accepted 10/14/2015 4:25:52 PM
ABEL ACOSTA
CLERK

NO. PD-1196-15/1197-15

## In The Court of Criminal Appeals

## Of

## Texas

## Evan Stuart Fairbanks, Petitioner

## Vs.

## State of Texas, Respondent

## On Petition from the 177th District Court of

## Harris County, Texas

## Trial Court Cause Nos. 1388074, 1388075

## First Court of Appeals Cause Nos. 01-14-00124-CR; 01-14-00125-CR

## Petition for Discretionary Review

**Connie B. Williams**
**1314 Texas, Suite 710**
**Houston, Texas 77002**
**713-225-3700**
**713-225-3140-Fax**
**Cbw1710@hotmail.com**

FILED IN
COURT OF CRIMINAL APPEALS

October 14, 2015

ABEL ACOSTA, CLERK

**ATTORNEY FOR PETITIONER**

**Petitioner Waves Oral Argument**

1

## IDENTITY OF TRIAL JUDGE, PARTIES AND COUNSEL

The following is a complete list of The Trial Judge and all parties to the Trial Court's final judgment as well as the names and addresses of all trial and appellate counsel.

| | |
|---|---|
| **Trial Judge** | **The Honorable Kevin Fine** |
| **Parties** | **Counsel** |
| **State of Texas** | **Erik Locascio**<br>**Assist. District Attorney**<br>**1201 Franklin St., Suite 600**<br>**(713) 755-5826** |
| **Evan Stuart Fairbanks** | **Connie B. Williams**<br>**1314 Texas, Suite 710**<br>**Houston, Texas 77002**<br>**(713) 225-3700** |

**Appellate Counsel**

| | |
|---|---|
| **Evan Stuart Fairbanks** | **Connie B. Williams**<br>**1314 Texas, Suite 710**<br>**Houston, Texas 77002**<br>**(713) 225-3700** |
| **State of Texas** | **Erik Locascio**<br>**District Attorney's Office**<br>**1201 Franklin St., Suite 600**<br>**Houston, Texas 77002**<br>**(713) 755-5826** |

2

# TABLE OF CONTENTS

                                                                    Page

**Identity of Trial Judge, Parties & Counsel**...................................02

**Index of Authorities** .............................................................03

**Statement Regarding Oral Argument** ..................................04

**Statement of the Cases**.........................................................04

**Statement of Procedural History** ...................................04

**Grounds for Review** ...........................................................05

1. The Court of Appeals decision conflicts with the Texas Court of Criminal Appeals opinion in *Oldham v. State*, 977 S.W. 2d 354, 360 (Tex. Crim. App. 1998)

2. Abatement is authorized under T.R.A.P. Rule 43.6.

**Argument** ...........................................................................05

**Prayer** ..............................................................................08

**Certificate of Compliance** ................................................08

**Certificate of Service** .......................................................09

**Appendix** .........................................................................10

## INDEX OF AUTHORITIES

**Cases**                                                           **Page**

*Jack v. State*, 149 S.W. 3d 119 (Tex. Crim. App. 2004)........................05

*Oldham v. State,* 977 S.W. 2d 354 (Tex. Crim. App. 1998)..............06

**Rules**

**T.R.A.P. Rule 2** ...............................................................................**6, 7**

**T.R.A.P. Rule 43.6** ........................................................................**5, 6, 7**

## STATEMENT REGARDING
## ORAL ARGUMENT

**Petitioner Waives Oral Argument**

## STATEMENT OF THE CASES

These are controlled substances cases in which Petitioner, upon the erroneous advice of trial counsel, pled guilty. (C.R. pg. 29) (In this petition C.R. designates Clerk's Record and R.R. designates Reporter's Record). Petitioner filed a motion to withdraw guilty plea, (C.R. pg. 39) a Motion for New Trial, (C.R. pg. 53), and an amended Motion for New Trial (C.R. pg. 71). The motions were denied by the trial court.

## STATEMENT OF PROCEDURAL HISTORY

The First Court of Appeals affirmed Petitioner's convictions by a memorandum opinion issued July 28, 2015.

Petitioner filed a Motion for Rehearing on August 11, 2015. Petitioner's Motion for Rehearing was denied on August 19, 2015. Petitioner sought and was granted an extension to file his petition for discretionary review.

4

## GROUNDS FOR REVIEW

1. The Court of Appeals decision conflicts with the Texas Court of Criminal Appeals opinion in *Oldham v. State,* 977 S.W. 2d 354, 360 (Tex. Crim. App. 1998).

2. Abatement is authorized under T.R.A.P. Rule 43.6.

## ARGUMENT

The Court of Appeals fails to explain how Rule 43.6 TRAP, and the Court of Criminal Appeals statement in *Oldham v. State, infra*, is **not** authority to abate the appeals under the specific facts of these cases.

The Court's reliance on *Jack v. State,* 149 S.W. 3d 119 (Tex. Crim. App. 2004) is misplaced.

The *Jack v. State,* trilogy, 42 S.W. 3d 291 (Tex. App. – Houston [1st Dist.] 2001); 64 S.W. 3d 694 (Tex. App. Houston [1st. Dist.] 2002) and 149 S.W. 3d 119 (Tex. Crim. App. 2004) **disavowed this abatement of an appeal to allow the defendant the opportunity to rebut the rebuttable presumption that he was effectively represented by trial counsel when defendant let the 30 day period to file a motion for a new trial lapse without filing a motion.**

The Court of Criminal Appeals in *Jack v. State, supra*, albeit in *judicial dictum,* criticized the "double abatement" procedure used in *Jacks I & II.*

5

The facts in this case are clearly distinguishable from the facts in *Jack*. Here the Petitioner was represented by counsel, timely filed a motion for new trial and was having a hearing on his motion for new trial.

The abatement sought in these cases is solely to obtain the testimony of trial counsel, and is not a general trolling for evidence, and does not establish a new appellate procedure.

Petitioner is relying on Rule 43.6 TRAP in seeking the abatement of these cases.

The Texas Court of Criminal Appeals in *Oldham v. State*, 977 S.W. 2d 354 (Tex. Crim. App. 1998) states at page 360:

"... We should not be understood as restricting a court of appeals power to abate an appeal and remand a case under authority other than Rule 2(b). When judicial resources can be conserved in the interest of justice, we encourage the courts of appeals to adopt and continue to use methods for resolving issues **sooner rather than later** as long as such methods are legally endorsed ..." (Emphasis Added). The current Rule 2 T.R.A.P. does not preempt abatement in this case "to expedite a decision".

The Court of Criminal Appeals in *Oldham v. State*, supra, at page 360 note 4 referenced an argument made in *Tuffiash v. State*, 878 S.W. 2d 197, 201 n 2. (Tex. App. - San Antonio 1994).

The reference note argument is apropos to Petitioner's motion to abate and states:

"2. If there is merit to Appellant's contentions, hearing and granting a motion for new trial at this point is certainly more efficient than requiring this court of criminal appeals to consider an incomplete appeal, then requiring appellant to seek post-conviction relief (which again taxes the resources of the court of criminal appeals) to obtain a new trial many years from now. If there is no merit to appellant's contentetion, it is also most efficient to establish that fact now and allow it to be raised on direct appeal following the denial of the motion for new trial. We stress that we take this position only in cases where the failure to raise the issue in a timely motion for new trial was not due to appellant's lack of diligence."

Again Petitioner's motions to abate are sought under the authority of TRAP Rule 43.6 and **not** under Rule 2, although the current version of Rule 2 does not preempt Petitioner's request to abate.

Abatement of these appeals is within both the letter and spirit of the *Oldham* mandate of "resolving issues sooner than later."

The Texas Supreme Court has held with respect to the appellate rules in *Lone Star Gas v. Railroad Conm'n,* 767 S.W. 2d 709, 710 (Tex. 1989) *(per curiam):*

7

"... The rules do mandate full consideration of all issues raised to move the case as far as possible toward final disposition..."

## PRAYER FOR RELIEF

Wherefore, Petitioner prays that the Court abate these appeals and remand these cases to the trial court and to direct the trial court to take whatever action it deems necessary or appropriate to have former trial counsel, *Jill Rekoff* appear and testify regarding Petitioner's motion for new trial allegation of ineffective assistance of counsel.

Respectfully submitted,

/s/ Connie B. Williams
Connie B. Williams
1314 Texas, Suite 710
Houston, Texas 77002
713-225-3700
713-225-3140-Fax
Cbw1710@hotmail.com
TBN 21521500
ATTORNEY FOR PETITIONER

## CERTIFICATE OF COMPLIANCE

In accordance with Rule 9.4 (i)(3) TRAP, I hereby certify that the foregoing Petition for Discretionary Review contains 1262 words.

/s/ Connie B. Williams
Connie B. Williams

## CERTIFICATE OF SERVICE

This is to certify that on October 12, 2015, a true and correct copy of the above and foregoing document was served on the District Attorney's Office, Harris County, Texas by facsimile transmission to 713-755-6865, and mailed to the State Prosecuting Attorney, P.O. Box 14405, Austin, Texas 78711.

/s/ Connie B. Williams
Connie B. Williams

# APPENDIX

## First Court of Appeals

## Memorandum Opinion issued July 28, 2015



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NOS. 01-14-00124-CR, 01-14-00125-CR

————————————

## EVAN STUART FAIRBANKS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 177th District Court
Harris County, Texas
Trial Court Case Nos. 1388074 & 1388075

## MEMORANDUM OPINION

Appellant Evan Stuart Fairbanks pleaded guilty to possession of marijuana in an amount between five and fifty pounds (trial court case number 1388074; appellate court case number 01-14-00124-CR) and to possession of methamphetamine in an amount less than one gram (trial court case number

1

1388075; appellate court case number 01-14-00125-CR). The trial court denied his subsequent motion to withdraw his guilty plea. In accordance with the plea bargain, the court sentenced Fairbanks to two years in prison for possession of marijuana and 180 days in state jail for possession of methamphetamine. However, because the court had denied the motion to withdraw the guilty plea, it certified Fairbanks's right to appeal.

On appeal, Fairbanks contends that this court should have abated his appeal to allow him to further develop the record in the trial court to support a motion for new trial. He also argues that his trial counsel was ineffective for giving him faulty advice and for failing to file a motion to suppress the marijuana and methamphetamine. We affirm.

## Background

A police officer stopped appellant Evan Stuart Fairbanks for failure to signal a turn. He was detained and taken to a nearby house in Houston, where law enforcement officers executed a previously issued search warrant. Illegal drugs and weapons were found at the house, and Fairbanks was arrested and charged with possession of marijuana and methamphetamine. A notation on a case reset form stated that he was charged with felony offenses of "POM, PCS, FPW," which stand for possession of marijuana, possession of a controlled substance, and felon in possession of a weapon.

2

Fairbanks retained an attorney, Jyll Rekoff, who filed a motion to suppress evidence. The motion alleged that the traffic stop was unlawful because a videorecording showed that Fairbanks used his turn signal. The motion further alleged that his arrest was warrantless and without probable cause. It sought suppression of any statements made while Fairbanks was in custody, testimony about any actions he took while in custody, and testimony about the arrest. The motion to suppress did not address the warrant for the search of the house.

On the day when the motion to suppress was set for hearing, and before the trial court considered the motion, the State offered Fairbanks a plea bargain. Although he had previously rejected a plea offer of five years in prison in exchange for his pleas of guilty, he accepted a plea agreement in which he pleaded guilty to the two charges of drug possession in exchange for a punishment recommendation of two years in prison and the State's agreement to drop the charge against him of being a felon unlawfully in possession of a weapon. In connection with his guilty pleas, Fairbanks stated in writing and in open court that he was guilty of the alleged offenses.

Sentencing was scheduled for approximately two months later. Just before the sentencing hearing, Fairbanks obtained new counsel, and he filed a motion to withdraw his guilty plea. He contended that Rekoff pressured him to plead guilty, urged him to forego a hearing on the motion to suppress, and advised him that if he

3

needed additional time to consider the State's plea-bargain offer, he could hire another attorney to represent him. He argued that this advice "led [him] to believe that he could change his plea before [the] sentencing date." In light of Rekoff's alleged actions, Fairbanks argued that his guilty plea was not free and voluntary. The trial court denied the motion to withdraw his guilty plea, but it certified his right to appeal.

Fairbanks filed a motion for new trial on the grounds of ineffective assistance of counsel, i.e., that Rekoff erroneously advised him to plead guilty and failed to file a motion to suppress the evidence of marijuana and methamphetamine. The trial court held an evidentiary hearing on the motion for new trial. Three witnesses testified: Fairbanks, his mother, and Eric Locasio, the prosecutor who made the plea offer.

Fairbanks testified that he was 32 years old and one semester shy of earning a master's degree. He said that he had planned to go to trial and had not discussed a plea bargain with Rekoff prior to the day he pleaded guilty. He said there were multiple issues to be raised as part of his defense, including his contention that there was an illegal stop and the fact that he was not named in the search warrant. He testified that when Rekoff presented him with the plea-bargain offer, she told him he had only five minutes to decide whether to accept it. Fairbanks also said that the prosecutor looked at him and made tapping motions on his watch.

4

Fairbanks explained, "That means hurry up. I've got other things to do." He testified that Rekoff told him to take the plea, replace her with a new attorney, and then withdraw his guilty plea.

On cross-examination, Fairbanks testified that he had prior convictions for misdemeanor possession of marijuana to which he had pleaded guilty, and theft from a person for which he received deferred adjudication and later pleaded guilty, in accordance with a plea bargain, on the State's motion to adjudicate. He conceded that on five or six prior occasions in the course of this case, he had sat in court and watched other plea bargains, including the judge's admonishments. He also conceded that the judge had asked him at the plea hearing if he was pleading guilty because he was guilty, and he had said "yes." But at the hearing on the motion for new trial, Fairbanks testified that he previously lied when he told the judge he was guilty. He testified that his plea was given freely and voluntarily, saying, "no one held a gun to my head and made me take the plea; but I did what my lawyer recommended me to do."

Fairbanks's mother testified that she was with her son when Rekoff advised him to accept the plea bargain and hire another attorney to handle the case. She said her son asked Rekoff some questions, and the lawyer answered him. But the parties were unable to locate Rekoff for the hearing on the motion for new trial, and she did not appear or testify.

Finally, Locasio testified that he had offered to dismiss one of the three charges against Fairbanks and to recommend the minimum punishment on the two remaining charges in exchange for pleas of guilt. Locasio said that he had shared with Rekoff some legal research that demonstrated why the motion to suppress should have been denied by the court. He denied that Rekoff had raised any issues pertaining to the adequacy of the affidavit that supported the warrant to search the house.

The trial court denied the motion for new trial. The judge said that he found Fairbanks's testimony not credible on the question of whether he was pressured into taking the plea and that his mother's testimony was not helpful. As to the claim that Rekoff was ineffective in regard to the motion to suppress, the trial judge said he was not in a position to rule on it because she had not appeared for the hearing and he had no evidence as to her reasons for not attacking the search warrant in the motion to suppress.

Fairbanks appealed. He sought abatement of the appeals so that he might further develop the record in the trial court. We denied his motion to abate the appeals.

## Analysis

Both of Fairbanks's issues concern allegations of ineffective assistance of counsel. He first challenges this court's decision not to abate this appeal to allow

him to further develop the record. Next he argues that trial counsel was ineffective for failing to pursue a motion to suppress.

## I.     Abatement of the appeal is not authorized

In his first issue, Fairbanks argues that this court erred by denying his motion to abate the appeals to allow him another chance to develop the record to assert ineffective assistance of counsel on direct appeal.

Fairbanks was represented by appellate counsel during the stage of proceedings when a motion for new trial could be filed. He filed a motion for new trial, and the trial court held an evidentiary hearing. The court held the hearing on two separate days to afford Fairbanks an additional opportunity to secure the testimony of his trial counsel, who was not located and did not appear. The court denied the motion after specifically finding that Fairbanks's testimony was not credible and noting that the record was silent as to trial counsel's strategy in regard to the motion to suppress.

In this court, Fairbanks filed a motion to abate. He sought to secure testimony from Rekoff to support his claim of ineffective assistance of counsel. However, he has provided no authority supporting his contention that abatement to the trial court is appropriate, and the Texas Court of Criminal Appeals has disavowed the practice for hearings on motions for new trial. *See Benson v. State*, 224 S.W.3d 485, 492–95 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (en banc)

(citing *Jack v. State*, 149 S.W.3d 119, 124 (Tex. Crim. App. 2004)). We are aware of no legal basis for granting the requested relief, particularly when Fairbanks was represented by appellate counsel for the purposes of the motion for new trial stage and the trial court held a hearing on the motion. However, we note that a defendant may collaterally attack a conviction on the basis of ineffective assistance of counsel through habeas corpus proceedings. *See id.* at 495 n.5; *see also Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998); *Ex parte Torres*, 943 S.W.2d 469, 475 (Tex. Crim. App. 1997).

We overrule Fairbanks's first issue.

## II. Ineffective assistance of counsel

In his second issue, Fairbanks argues that his trial counsel was ineffective for advising him to plead guilty and later withdraw his plea, and also for failing to pursue a motion to suppress the evidence found in the house. Because he raised the issue of ineffective assistance of counsel in a motion for new trial, we must determine whether the trial court abused its discretion by denying the motion for new trial. *See Riley v. State*, 378 S.W.3d 453, 457 (Tex. Crim. App. 2012). We defer to the trial court on factual matters, viewing the evidence in the light most favorable to the court's ruling. *Id.* We will reverse the court's ruling onl if it was arbitrary, clearly erroneous, or not supported by any reasonable view of the record. *Id.*

8

A guilty plea entered after a proper demonstration of ineffective assistance of counsel is considered involuntary and therefore invalid. *See Ex parte Moody*, 991 S.W.2d 856, 857–58 (Tex. Crim. App. 1999). To prevail on a claim of ineffective assistance of counsel, an appellant must demonstrate by a preponderance of the evidence that (1) his trial counsel made errors so serious that counsel was not functioning as counsel under the Constitution and (2) a reasonable probability exists that, but for trial counsel's deficient performance, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694, 104 S. Ct. 2052, 2064, 2068 (1984); *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). Under the first prong, we indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance and that the challenged act might be considered sound trial strategy. *Ex parte Martinez*, 330 S.W.3d 891, 900 (Tex. Crim. App. 2011) (quoting *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065). In the context of a guilty plea, the second prong of *Strickland* is satisfied by a demonstration of a "reasonable probability that, but for counsel's errors, [the defendant] would have not have pleaded guilty and would have insisted on going to trial." *Ex parte Moody*, 991 S.W.2d 856, 858 (Tex. Crim. App. 1999) (quoting *Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997)).

To the extent that Fairbanks contends that his plea was involuntary because Rekoff advised him that he could later withdraw his plea, we must defer to the trial court's assessment of his credibility. *See Riley*, 378 S.W.3d at 457. Thus, this contention fails the first prong of *Strickland* and cannot support a determination that the trial court abused its discretion in denying the motion for new trial.

Fairbanks focuses primarily on his counsel's failure to pursue a motion to suppress based on the adequacy of the search-warrant affidavit. A failure to file pre-trial motions does not categorically constitute ineffective assistance of counsel. *Johnson v. State*, 176 S.W.3d 74, 79 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd). To satisfy his burden under *Strickland*, Fairbanks is required to show that a motion to suppress would have been granted. *See Jackson*, 973 S.W.2d at 957; *Keller v. State*, 125 S.W.3d 600, 608 (Tex. App.—Houston [1st Dist.] 2003, pet. dism'd).

Under Texas law, no search warrant may issue without a sworn affidavit that sets forth facts sufficient to establish probable cause. TEX. CODE CRIM. PROC. art. 18.01(b), (c). Probable cause exists when there is a fair probability that contraband or evidence of a crime will be found at the specified location at the time the warrant is issued. *See State v. McLain*, 337 S.W.3d 268, 272 (Tex. Crim. App. 2011). When reviewing the sufficiency of an affidavit to support a search warrant, we determine if there is a substantial basis upon which the magistrate

10

could have concluded that probable cause existed. *Id.* at 271 (citing *Illinois v. Gates*, 462 U.S. 213, 236, 103 S. Ct. 2317, 2331 (1983)). In doing so, we view the affidavit in a commonsensical and realistic manner, and we defer to all reasonable inferences a magistrate could have made. *See Rodriguez v. State*, 232 S.W.3d 55, 61 (Tex. Crim. App. 2007); *Jones v. State*, 338 S.W.3d 725, 733 (Tex. App.—Houston [1st Dist.] 2011), *aff'd*, 364 S.W.3d 854 (Tex. Crim. App. 2012).

In his motion for new trial, Fairbanks argued that his trial counsel was ineffective because she did not seek to exclude evidence found at the house. The search-warrant affidavit was based on information provided by a confidential informant. The motion for new trial challenged the adequacy of the search-warrant affidavit on four grounds. Specifically, the motion for new trial argued that the affidavit did not (1) demonstrate that the confidential informant had personal knowledge of the alleged facts, (2) show that the affiant independently verified the information, (3) state when and where the affiant spoke to the informant, or (4) identify Fairbanks by name.

On appeal, Fairbanks argues that his trial counsel should have sought to suppress the marijuana and methamphetamine found in the house on the basis that the affidavit was inadequate for failing to disclose when the informant obtained his information or when he conveyed it to the affiant. Because Fairbanks makes a specific legal argument in favor of suppression, we consider whether it is so

11

compelling that an attorney would be ineffective for failing to raise it. That is, we must consider the four corners of the affidavit and determine if Fairbanks has shown by a preponderance of the evidence that a motion to suppress would have been granted on the basis that the affidavit failed to disclose when the informant obtained the information and conveyed it to the affiant. *See Jackson*, 973 S.W.2d at 957.

The affidavit stated in relevant part:

> Within the past forty eight (48) hours, Affiant and members of the Houston Money Laundering Initiative Task Force conducted a narcotics investigation at the above described location believed to be storing a large quantity of marijuana.
>
> Affiant spoke to a credible and reliable person who will be referred to as a confidential informant (CI). Affiant has worked with the CI in the past and the CI has provided information about narcotics traffickers that Affiant has been able to independently verify.
>
> The CI informed Affiant that the CI met the above listed suspect and that he has a large quantity of marijuana for sale. The suspect told the CI that he is storing the large quantity of marijuana at the described location for the purpose of selling to customers.

On a common-sense reading of the affidavit, the investigation occurred in the 48 hours prior to presentation of the affidavit to the magistrate. The affiant's communications with the confidential informant were part of that investigation. In describing the information received from the confidential informant, the affidavit twice used the present tense: first reporting that the informant stated that the suspect "has" a large quantity of marijuana, and second stating that the suspect told

12

the informant that he "is storing" it at the described location. A magistrate reasonably could have inferred that the confidential informant both obtained the information and disclosed it to the affiant during the 48-hour investigation. *See Rodriguez*, 232 S.W.3d at 61; *Jones*, 338 S.W.3d at 733. We conclude that Fairbanks has not shown that a motion to suppress would have been granted, and therefore he has not satisfied the first prong of *Strickland*. *See Jackson*, 973 S.W.2d at 957; *Keller*, 125 S.W.3d at 608.

We overrule Fairbanks's second issue.

### Conclusion

We affirm the judgments of the trial court.


Michael Massengale
Justice

Panel consists of Justices Keyes, Bland, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).

13